## 57976. WATKINS v. THE STATE.

CARLEY, Judge.

Appellant was indicted, tried and convicted of forging some thirty-four checks. He appeals.

1. The general grounds are enumerated as error by appellant. His failure, however, to argue these enumerations and to cite any authority constitutes an abandonment of the alleged error under former Rule 18 (c) (2) (Code Ann § 24-3618) of this court which was in effect when the briefs were submitted in this case. *Weaver v. State,* 137 Ga. App. 470 (2) (224 SE2d 110) (1976). The same result would be reached under present Rule 15 (c) (2)

which embodies an identical requirement.

2. During the trial the state offered into evidence various samples of appellant's handwriting including sample check forms. These were admitted without objection. The state further offered into evidence checks which had been the basis for a prior forgery conviction of appellant. These checks were admitted over appellant's objection that they improperly introduced into his trial evidence of a separate and distinct crime.

"The general character of the parties, and especially their conduct in other transactions, are irrelevant matter, unless the nature of the action involves such character and renders necessary or proper the investigation of such conduct." Code Ann. § 38-202. Evidence which tends to show that the accused has committed a crime wholly independent of the offense for which he is on trial is irrelevant, and upon proper objection to such evidence, urged at the time it is offered, it should be excluded. See, e. g., *Nesbit v. State,* 125 Ga. 51 (54 SE 195) (1906).

The state first urges that the checks were identified only as writings made by appellant without mention of their being forgeries. It is thus argued that introduction of the checks themselves, without more, did not tend to show that appellant had committed an independent crime and that the tenor of Code Ann § 38-202 was not thereby violated. We do not agree. Although the crime with which appellant was charged occurred in Gwinnett County, the foundation for the introduction of these checks was laid by an Atlanta police officer who testified that appellant stated that "he wrote the entire face of these checks and the indorsement." The appellant's own signature appears nowhere on these checks, which were admitted into evidence and taken out by the jury during its deliberations. Under these circumstances there is no doubt that the jury could understand the checks as being evidence of a crime other than that appellant was charged with. This evidence tended to show that appellant had committed a crime independent of the one he was charged with. Compare *Latham v. State,* 100 Ga. App. 509 (1) (112 SE2d 163) (1959).

The state next urges that since these checks were offered for a comparision with the handwriting on the

thirty-four checks at issue, they had a direct relevancy to the case on trial and, therefore, were not objectionable because they also tended to show a distinct and separate crime on the part of appellant. See, e.g., *Hall v. State,* 7 Ga. App. 115, 116 (6) (66 SE 390) (1909).

Appellant was on trial for forgery and the state sought to show that appellant, with intent to defraud knowingly "made" the 34 checks in a fictitious name. Code Ann. § 26-1701. The burden was clearly on the state to prove that the handwriting on those checks was that of appellant. The testimony with regard to the previously forged checks was that appellant had acknowledged that they had been written by him — a fact subsequently acknowledged by the appellant himself on cross examination. Under these circumstances, admission of these contested checks was proper. "Other writings, proved or acknowledged to be genuine, may be admitted in evidence for the purpose of comparison by the jury." Code Ann. § 38-709. They were so admitted. " '[E]vidence that is material and relevant, offered by the State in the prosecution of one for a violation of the criminal law, is admissible even though it may tend incidentally to put the defendant's character in issue.' [Cit.] 'Accordingly, on trial of a criminal case the State may introduce any competent, relevant, and material evidence for the purpose of disproving the contention of the defendant, or for the purpose of discrediting his defense, and it affords no valid ground of objection that such evidence may tend incidentally to put the defendant's character in issue.' [Cits.]" *Hyde v. State,* 196 Ga. 475, 485 (26 SE2d 744) (1943).

In *Hyde* the defendant's signature to pleas of guilty on two indictments were introduced into evidence by the state as a standard for comparison with the handwriting on an envelope and letter also introduced into evidence by the state and contended by it to be in the handwriting of the defendant, but denied by him. The indictments themselves as well as the signatures thereon went out with the jury. The Supreme Court held no error had been committed because the jury had been instructed that only the signatures were to be considered and only for the purpose of comparison and that the indictments and pleas

of guilty should not be considered as affecting the character or reputation of the defendant. "So far as appears, this was but an effort in good faith to present genuine signatures for comparison by the jury; and unless we assume that the jury in violation of their duty and of their oaths disregarded the instructions of the court, we can not reach the conclusion that prejudicial error was committed. *It may be true . . . that signatures of the defendant could have been found elsewhere or on other documents; but on this subject the record is silent.*" (Emphasis supplied.) *Hyde v. State,* supra, 486-487. Here, however, unlike *Hyde,* the record is not "silent" as to other writings available for comparison purposes. The state introduced, without objection, several exemplars of appellant's handwriting. However, the state's expert witness testified that these samples, which appellant had apparently not given with enthusiastic willingness, evidenced for the most part "an attempt to change the writing there on . . . a stilted, unnatural style of writing, [showing] awkward, abrupt pen movement . . . not a natural writing." He further testified that the previously forged checks contained "free flowing, natural style of writing, no evidence to indicate an awkward or abrupt pen movement . . . Very characteristicable [sic] and highly identifiable." The witness further concluded that "we have to have a combination of various writings in order to have a true representative sampling of that person, we use all writing in combination." Under these circumstances — the expert testimony being that the non-forged samples evidenced an attempt to disguise appellant's true handwriting, that the forged checks contained a more "natural" handwriting, and that a combination of "various writings" was necessary to make a handwriting comparison — we do not believe that the availability of samples of appellant's handwriting other than the previously forged checks takes this case outside the rule established by *Hyde* that the checks were admissible even though they tended to incidentally put appellant's character in issue. We cannot say under these facts that the only probative value of the previously forged checks was in showing that appellant was, by reason of his bad character, more likely to have forged the

34 checks in question than he otherwise would have been. Compare *Lee v. State,* 8 Ga. App. 413 (69 SE 310) (1910). These challenged exhibits constitute competent, relevant and material documentary evidence probative of appellant's handwriting. If appellant wished to have the jury instructed to limit its consideration to the one purpose for which it was admissible, he should have requested such an instruction. *Shields v. State,* 147 Ga. App. 131 (248 SE2d 205) (1978) and cits. There was no error.

*Judgment affirmed. Deen, C. J., and Shulman, J., concur.*

SUBMITTED MAY 29, 1979 — DECIDED SEPTEMBER 26, 1979.

*Robert Madray,* for appellant.
*Bryant Huff, District Attorney, Malcolm McArthur, Assistant District Attorney,* for appellee.