## 66456. STONE v. THE STATE.

BIRDSONG, Judge.

Melvin Gene Stone was convicted of burglary and sentenced to serve twenty years. He brings this appeal enumerating four alleged errors. *Held:*

1. The facts leading to the conviction show that the victim left her home to take her husband to work early in the morning. Upon her return to her home, she observed a chair placed against the outside wall next to her bedroom window, and the window screen removed

and leaning against the house. Fearing for her two children who were alone in the house, she entered after calling to her neighbors. As she walked down a hallway to her bedroom, she observed a black male dressed in blue jeans, a tan leather waist-length jacket, and wearing a hat pulled down on an afro hair style. The man ran into the kitchen and attempted to leave by the back door but the door was locked with a deadbolt. Thus the man ran past the victim and exited by the front door. He was observed running around the house into a wooded field having high grass.

The victim called the police who arrived within five minutes of the call. A radio description was broadcast of the burglar. About ten minutes after the burglary, on a street about 200 yards away from the burglarized premises, a second officer saw a short black male wearing blue jeans and a waist-length leather jacket of the appropriate color with an afro hair style. The subject (Stone) was walking on the roadway and the bottom of his trousers to the knee were damp. The officer stopped Stone and notified the first officer at the victim's house of the apprehension. The first officer drove to the scene of the apprehension and took from Stone an identification pass containing Stone's picture. This was taken to the victim who promptly stated that it appeared to be a picture of the burglar. The victim was then taken to the scene of the apprehension where she positively identified Stone as the burglar both while he was seated in the patrol car and while he was standing outside. Later a hat was found in the victim's backyard. The victim again identified Stone when the hat was placed upon his head. Subsequently, at trial, the victim appeared less sure of her identification because she believed the burglar was taller than Stone (Stone stands 4'10"); however, she still considered Stone to look exactly like the burglar. Lastly, a palm print connected to Stone was lifted from the arm of the chair used to gain access into the bedroom through the bedroom window.

Stone enumerates as error the failure of the trial court to grant a motion for a directed verdict of acquittal, urging that the evidence does not support the verdict of guilty. On an appeal from a finding of guilty, the presumption of innocence no longer prevails; the fact finder has determined the credibility of witnesses and has been convinced beyond reasonable doubt of guilt. This court simply reviews the evidence to determine if there is evidence of a sufficient quantum and quality to authorize the jury to return the verdict of guilty. *Ridley v. State,* 236 Ga. 147, 149 (223 SE2d 131); *Blackwell v. State,* 139 Ga. App. 477, 478 (228 SE2d 612). Although in this case the evidence was in conflict as to identity, it was for the jury to resolve such conflicts. The jury resolved this in favor of the state, and this court will not substitute its judgment for that of the jury. *Glover v.*

*State,* 237 Ga. 859, 860 (230 SE2d 293). We have no hesitancy in concluding that the jury was presented with evidence sufficient to convince any rational trier of fact beyond reasonable doubt that a finding of guilt was warranted. *Baldwin v. State,* 153 Ga. App. 35, 37 (264 SE2d 528).

2. Appellant Stone complains that the trial court erred in denying a motion to exclude the show-up testimony and the in-court identification, urging that the identification was the product of an impermissibly suggestive procedure.

Once again we must disagree with the argument advanced by Stone. We do not find the show-up to be unnecessarily suggestive nor was there a likelihood of misidentification as suggested in Neil v. Biggers, 409 U. S. 188 (93 SC 375, 34 LE2d 401). The show-up was an on-the-scene confrontation conducted as soon as possible after the burglary. It was an immediate product of the offense and the defendant's apprehension. Practicalities inherent in this type of situation suggest that an immediate on-the-scene confrontation between victim and suspect is essential both to law enforcement and to fairness toward innocent suspects. *Walker v. State,* 139 Ga. App. 751, 752 (229 SE2d 546). Moreover, in a case involving an allegedly suggestive identification procedure, reliability is the linchpin in determining the admissibility of the identification testimony. *Burrell v. State,* 239 Ga. 792, 793 (239 SE2d 11). Considering all the circumstances of this case, including the victim's ample opportunity to observe the burglar in her house, we find persuasive reliability. Accordingly, this enumeration is without merit.

3. Stone complains that the curtailment of his right to thoroughly cross-examine the victim on her uncertainty at trial seriously prejudiced his rights and possibly the outcome of the trial. The facts show that the victim was less certain because she remembered the burglar to be taller than Stone appeared to be in court. Counsel for Stone sought to inquire if she thought she might have been influenced in her identification at the scene and in court by the fact that Stone was the only person ever shown to her. The trial court sustained the state's objection that the question called for a conclusion. Subsequently, the defense was allowed to inquire fully into line-up procedures and the suggestiveness of a one-on-one confrontation. It follows that the tenor of the question and the suggestiveness of the procedure was clearly before the court. Thus we conclude that Stone successfully adduced evidence substantially the same as that which had previously been excluded as being a conclusion; and error, if any, was dissipated. *Holmes v. State,* 148 Ga. App. 817 (1) (253 SE2d 237). Even if we assume it to be error to curtail the cross-examination on the ground stated, nevertheless, we find the

action of the trial court to be harmless in the context of the entire case. The standard to be applied in such a case is the "highly probable test," i.e., that it is "highly probable" that the error did not contribute to the verdict. *Johnson v. State,* 238 Ga. 59, 61 (230 SE2d 869). We discern no merit in this enumeration.

4. In his last enumeration of error, Stone urged error in allowing evidence of a crime of similar nature committed by Stone approximately two years earlier than the current burglary (a crime similar in modus operandi in most respects and admitted for the limited purpose of reflecting on scheme, intent or identity). However, Stone has presented no argument or authority in support of this enumeration. Thus under the rules of this court, this enumeration is deemed abandoned. *Watkins v. State,* 151 Ga. App. 510 (260 SE2d 547).

*Judgment affirmed. Shulman, C. J., and McMurray, P. J., concur.*

DECIDED SEPTEMBER 7, 1983.

*James W. Howard,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, George Robinson, Margaret V. Lines, Assistant District Attorneys,* for appellee.