66644. ELLIS et al. v. THE STATE.

BIRDSONG, Judge.

Jerry Thomas Ellis and Homer Lamar Ellis were convicted of burglary upon proof that within a few days of the burglary, the appellants pawned certain jewelry stolen in the burglary. The only explanation offered by appellants for their recent possession of the stolen items was that the jewelry had been given to them by appellant Jerry Ellis' wife Connie Wills. Connie Wills was listed as a state's witness but did not testify. *Held:*

1. The owner of the pawn shop identified as pawners the appellants Jerry and Homer Ellis; he stated that he had dealt with them before and knew them, but that he could not state which brother was Jerry and which was Homer. The witness remembered checking Jerry Ellis' driver's license as required identification when receiving the pawned goods from Jerry Ellis. However, both brothers had signed the bills of sale (pawn ticket receipts) upon the witness' verification of their identity at the time of the transaction. From a past recollection, appellants were identified by the pawn broker as Jerry Ellis and Lamar Ellis, but neither was individually distinguished by any identification. The trial court did not err in refusing to direct a verdict at the end of the state's case, for the evidence with all reasonable deductions did not demand a finding that the identities of Jerry Ellis and Lamar Ellis as the persons who had pawned the stolen jewelry had not been proved. See *Sims v. State,* 242 Ga. 256 (248 SE2d 651). Moreover, each appellant identified himself as Jerry Ellis and as Lamar Ellis in the case for the defense. See *Able-Craft v. Bradshaw,* 167 Ga. App. 725 (—— SE2d ——).

2. Neither did the trial court commit reversible error in permitting the sheriff to testify that the appellants had signed waiver of rights (Miranda) forms. There was no evidence whatsoever, and the state made no implication, that either appellant had made a statement or confession to the crime. The waiver forms were offered

in evidence solely to respond to the defense allegation on cross-examination that the signatures of Jerry Ellis and Homer Lamar Ellis on the pawn tickets were not proved to be the appellants' signatures; that is, that the appellants were not the two Ellis persons whose signatures appeared on the pawn ticket. The waiver of rights forms were identified by the sheriff, who observed the appellants sign them, as representing the signatures of Jerry Ellis and Homer Lamar Ellis. The signatures were severed from the waiver of rights forms before being submitted to the jury for comparison. There being no implication that appellants ever made a statement or confession, and the forms being identified solely for the purpose of illustrating the signature of the appellant, we find no error and no prejudice in the procedure. *Huskins v. State,* 245 Ga. 541, 543 (266 SE2d 163); see *Watkins v. State,* 151 Ga. App. 510 (260 SE2d 547). The implication to the jury, at worst, was merely that appellants had been advised of their constitutional rights.

3. The trial court's charge on the permissible inference of guilt raised by proof beyond a reasonable doubt of recent unexplained (or unsatisfactorily explained) possession of stolen goods, was correct according to the standard set in *Williamson v. State,* 248 Ga. 47 (281 SE2d 512), and was not misleading.

4. The evidence in this case authorized the court's charge concerning "parties to a crime" as set forth in OCGA § 16-2-20 (Code Ann. § 26-801). See *Evans v. State,* 138 Ga. App. 460 (226 SE2d 303).

5. Appellants contend in brief that prejudicial error was committed by the trial court's refusal to rebuke or cure the state's remark in closing argument that "Now, [appellants' attorney] has ... told you an awful lot about Connie Wills, as much as he could. Connie Wills didn't come testify, and Connie Wills is listed on the back of the indictment. Well, I submit to you one reason why Connie Wills didn't come testify, and you heard that reason right here from Jerry Ellis. That's his wife." According to the trial judge's ruling, as it appears in the record, the defense had in closing argument reflected upon the mere fact that Connie Wills, a state witness, had not testified. The state had a right to respond. The explanation that the state did not call its own witness Connie Wills because she was appellant's wife, was not an implication that she would have testified against her husband, but in fact would more readily imply that Connie Wills was not called by the state because as Jerry Ellis' wife, she would have corroborated appellants' story that they received the stolen jewelry from her. In any case, no enumeration of error was made on this point and the subject is not properly before this court on appeal.

6. The evidence in this case is sufficient to convince a rational trier of fact of appellants' guilt beyond a reasonable doubt and to the

exclusion of every other reasonable hypothesis. *Turner v. State,* 151 Ga. App. 169, 170 (259 SE2d 171). The verdict was not contrary to the evidence or the law. The jury is the judge of the credibility of the witnesses and of questions of reasonable hypotheses and explanations (*Harris v. State,* 236 Ga. 242 (223 SE2d 643); *Townsend v. State,* 127 Ga. App. 797, 799 (195 SE2d 474)). Their verdict will not be disturbed on appeal where the evidence sustains it and no prejudicial error of law is committed. See *Ridley v. State,* 236 Ga. 147, 149 (223 SE2d 131); *Powers v. State,* 150 Ga. App. 25 (256 SE2d 637).

*Judgment affirmed. Shulman, C. J., and McMurray, P. J., concur.*

DECIDED SEPTEMBER 16, 1983.

*Jerry Gray,* for appellants.
*Nat Hancock, District Attorney, Timothy G. Madison, Larry L. Dottweiler, Assistant District Attorneys,* for appellee.