70536. HUDSON v. THE STATE.
(334 SE2d 735)

DEEN, Presiding Judge.

Ronnie Embra Hudson was convicted of armed robbery and possession of a firearm by a convicted felon. He appeals, asserting the general grounds and contending the court erred in admitting evidence of a prior crime.

1. The victim testified that he was a cab driver for American Cab Company and that on June 20, 1984, about 10:00 a.m., he picked up the defendant on Greenferry Avenue, and that the latter asked to be driven to Perry Homes. En route, the passenger asked him to stop on West Marietta Street to pick up his wife. When the driver stopped the cab, he heard a click, and through the rear-view mirror he could see a black automatic gun in the defendant's hand. The defendant placed the gun to the driver's head, said, "That is it," and asked the cabbie how much money he had on him. The defendant made the victim remove his money pouch and put it on his seat with his wallet, shoes, and belt, crank up the taxi, and walk to the rear of the car. The driver did not turn around but heard the cab leave. When he turned, he saw one person in the cab and testified that he had a good view of the vehicle and the robber. He stated he viewed the robber both face to face and in the rear-view mirror. The victim made a positive in-court identification of the defendant as the man who robbed him of $85, the cab, and the items inside the cab. The cab driver testified that he had a .32-caliber pearl-handled pistol in the trunk of the cab and that he was licensed to carry the pistol.

An employee of another cab company testified that on June 20, 1984, he was informed that American Cab number 1333 had been stolen. The next day he saw the cab pull into a service station adjacent to his business premises, and the driver asked the station attendant to use the restroom. The witness' suspicions were aroused because the driver was wearing work gloves and the cab's decals had been removed, along with a portion of the cab's numbers (1333). He took the

tag number and called the American Cab dispatcher. The victim returned his call and identified the vehicle as his. The witness made an in-court identification of the defendant as the driver of the defaced American cab. He identified the vehicle from a photograph and recognized its license tag in a photograph.

A police officer testified he spotted the taxi later that same day, about 3:00 p.m., and followed it. When he turned on his blue light, the cab speeded up and a chase ensued. The cab ran several stop signs and eventually stopped after it crashed into some signs and bumped into the patrol car while attempting to back up. The defendant was identified as the driver of the cab and its sole occupant. When he was arrested and searched, the cab driver's .32-caliber pearl-handled pistol was found in the waistband of his pants, and he was wearing work gloves.

Appellant denied robbing the victim, contending he was in Newnan, Georgia, the entire day of the robbery and came to Atlanta on June 21. He offered alibi witnesses. He claimed that he hired the cab, a chase ensued, and the driver jumped and ran when the cab crashed. He claimed the pistol was on the seat of the cab.

In finding the defendant guilty, the jury obviously disbelieved the alibi witnesses. The credibility of such witnesses is solely a function of the jury. *Cook v. State*, 171 Ga. App. 431 (320 SE2d 195) (1984); *Redd v. State*, 154 Ga. App. 373 (268 SE2d 423) (1980).

Considering the evidence in the light most favorable to the prosecution, any rational trier of fact could find the defendant guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Brennon v. State*, 253 Ga. 240, 241 (319 SE2d 841) (1984).

2. The state presented evidence that in November 1971, the defendant was one of the participants in the robbery of a convenience store in Newnan, Georgia. The state submitted this evidence to prove identity, and the court gave limiting instructions to the jury. The value of this testimony to prove identity, as contended by the state, is a specious argument at best. The crimes were not similar other than the fact that both were armed robberies. Indeed, in the convenience store robbery, the defendant had a partner and did not wield the weapon, a shotgun, but instructed the victim to open the cash register. The robbers fled in an automobile, but there was no evidence of a high-speed chase.

For evidence of independent crimes to be admissible, there must be evidence that the defendant was the perpetrator of the prior crime, and there must be sufficient similarity or connection between the independent crime and the crime charged that proof of the former tends to prove the latter. Once the identity of the accused is established as the perpetrator of the independent crime, testimony of it

may be admitted to show identity, motive, plan, scheme, bent of mind and course of conduct. *McCarty v. State*, 165 Ga. App. 241, 242 (299 SE2d 95) (1983). Although lapse of time between the two crimes is an important factor to consider in determining admissibility of the prior crime, it is not wholly determinative. *Campbell v. State*, 234 Ga. 130, 132 (214 SE2d 656) (1975); *Rich v. State*, 254 Ga. 11 (325 SE2d 761) (1985).

In *Felker v. State*, 252 Ga. 351 (314 SE2d 621) (1984), relied upon by the state, the court found the similarities between the crimes to be numerous and distinctive. These similarities are not to be found in the instant case. Moreover, there was no intervening crime shown during the lengthy time span as in the eleven-year time span in *Campbell v. State*, supra. Accordingly, it was error to admit evidence of the prior crime. We find, however, its admission to be harmless, as evidence of appellant's guilt was overwhelming. He was identified by the victim, seen in the cab the following day by a witness, spotted and apprehended by a police officer following a high-speed chase a few hours after he was reported seen in the cab, and was found armed with the victim's pistol. It is highly probable that the error did not contribute to the jury verdict. *Stone v. State*, 167 Ga. App. 759 (307 SE2d 543) (1983).

Moreover, the defendant was charged not only with armed robbery but also, in Count Two, with possession of a firearm as a convicted felon. The state was therefore bound to prove a prior conviction. It did so, by certified copies of conviction and sentence, with respect to the 1971 armed robbery about which the witness testified and to which he linked defendant by in-court identification, and with respect to a 1975 burglary, which was the one conviction recited in the second count of the indictment. There was no objection to admission of the conviction and sentence as to the 1971 armed robbery. Thus the jury knew of it without objection, and the shopkeeper's brief testimony detailing it was anticipatorily cumulative. It could not have put defendant's character in evidence any more than did the actual conviction and sentence which resulted from the event described. Defendant did not deny participation in the 1971 robbery but claimed his cohort and not he had the gun on that occasion. As a matter of fact, the shopkeeper had pointed out that the co-defendant and not defendant wielded the gun. His testimony thus arguably put defendant in a better light than did the curt and formal court records, which showed that he and his co-defendant committed armed robbery "by use of a shotgun."

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED SEPTEMBER 10, 1985.

*Margaret H. Earls*, for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Richard E. Hicks, D. Chris Jensen, Jr., Assistant District Attorneys*, for appellee.