### 75411. BLACK v. THE STATE.
(367 SE2d 238)

BENHAM, Judge.

Appellant was convicted of armed robbery. His sole enumeration of error is the admission into evidence of a 1979 robbery conviction which took place when he was 17 years old. Appellant contends that the crimes were not similar enough to render admissible the earlier conviction, and he relies upon *Hudson v. State*, 175 Ga. App. 878 (334 SE2d 735) (1985), to support his argument. The State argues that the similarities between the robberies, i.e., the fact that in each case a gun was used, the robberies were committed late at night while the victim was alone, the perpetrator fled by vehicle, and the scenes of the crimes were near each other on the northern Atlanta perimeter, lead

one to "readily conclude" that proof of the earlier robbery tended to prove the latter one. We disagree.

A closer scrutiny of the few similarities pointed out by the State reveals that in the earlier crime, appellant did not have a gun and did not actually commit the robbery, but only drove the escape vehicle after his accomplices robbed the victim, while in the later crime appellant acted alone. Moreover, the fact that there were no intervening crimes during the time between the 1978 and 1986 incidents makes it highly unlikely that the introduction of the earlier crime would show "motive, bent of mind, intent and course of conduct," the limited purposes for which the trial court admitted the evidence. It was error to admit the evidence of the prior crime. *Hudson v. State*, supra, Division 2. However, the admission was harmless since the jury verdict was overwhelmingly supported by the other evidence, including the victim's identification of appellant, his former co-worker, as his assailant. Id.

*Judgment affirmed. Banke, P. J., and Carley, J., concur.*

Decided February 2, 1988 —
Rehearing denied March 17, 1988.

*Donald F. Samuel*, for appellant.

*Lewis R. Slaton*, District Attorney, *Joseph J. Drolet, Richard E. Hicks*, Assistant District Attorneys, for appellee.