## A90A2186. VARNER v. THE STATE.

(402 SE2d 94)

Birdsong, Presiding Judge.

Donald Varner appeals his conviction of armed robbery. He raises, as reversible error, the State's injection into evidence of the fact that one of appellant's co-defendants, who did not testify at trial, had pled guilty to the same offense (see Boatwright v. State, 193 Ga. App. 141 (387 SE2d 386); Mindock v. State, 187 Ga. App. 508 (370 SE2d 670)), and the admission in evidence of appellant's guilty pleas in two other armed robberies which appellant contended were too dissimilar to be "similar transactions." See Black v. State, 186 Ga. App. 406 (367 SE2d 238). Held:

Assuming that error occurred in both respects as contended by appellant, we find such error is not just cause to reverse this conviction. The evidence showed that the victim was robbed at gunpoint by two intruders in his apartment in the presence of his five children and his pregnant girl friend and others. The robbers used a sawed-off shotgun and a .9mm semi-automatic, pointed the shotgun at the victim's head and threatened to blow his head off if he did not turn over his money. One robber pointed his gun at the pregnant woman's abdomen. The occupants of the apartment were terrorized and forced to lie on the floor while the robbers demanded more money. The police were called by another person, and they arrived as the robbers drove off. When police stopped the getaway car a few minutes later, appellant was driving and in it were the two robbers who had wielded the guns and the girl friend of one of them, with ski masks used in the robbery, guns, and the victim's money and personal papers.

The victim was immediately brought to the arrest scene to identify the car and to identify the robbers with ski masks removed. The victim had seen the car before the robbery; it had followed him when he, his girl friend, and her sister had left his apartment to check on the girl friend's baby after receiving a false call concerning the baby's welfare. Appellant, who lived in the victim's neighborhood, was driving the car then but tried to hide his face. The robbery occurred when the victim, his girl friend, and her sister returned to his apartment. At the arrest scene, the victim recognized this same car; he did not know

the two persons who had held him at gunpoint, but he did know the driver of the car, appellant Donald Varner. The evidence of appellant's guilt on the charge of armed robbery is so overwhelming that not only is it highly probable the errors did not contribute to the judgment, but any such error was harmless beyond a reasonable doubt, including any error that might rise to constitutional proportions. *Hamilton v. State*, 239 Ga. 72, 73 (235 SE2d 515); *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869); *Kirkland v. State*, 141 Ga. App. 664 (234 SE2d 133). We therefore find no cause to reverse the judgment of the jury.

*Judgment affirmed. Banke, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 4, 1991.

*Rumsey & Ramsey, Austin L. Ramsey III*, for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Rebecca A. Keel, Linda S. Finley, Assistant District Attorneys*, for appellee.