## 72445. STEWART v. THE STATE.
### (349 SE2d 18)

SOGNIER, Judge.

Stewart appeals his conviction of child molestation.

1. Appellant contends the evidence is not sufficient to support his conviction. The victim in this case, appellant's six-year-old niece, testified that appellant came into her bedroom one night and molested her sexually. The victim's brother testified that on an earlier occasion he observed appellant in his sister's bedroom molesting her. Although appellant denied molesting the victim, the weight of the evidence and credibility of witnesses are questions for determination by the jury. *Bryant v. State*, 174 Ga. App. 468 (1) (330 SE2d 406) (1985). This court passes on the sufficiency of the evidence, not its weight, *Miller v. State*, 163 Ga. App. 889, 890 (1) (296 SE2d 182) (1982), and we find the evidence sufficient to meet the standard of proof required by *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. Appellant contends error in allowing the State to present evidence of a similar transaction because he did not receive proper notice of the State's intention to present evidence of a similar transaction as required by Rule 31.3 (B) of the Uniform Rules for Superior Courts. 253 Ga. 854. Appellant argues that the notice he received did not include the date and the county where the similar offense occurred and thus, such evidence was inadmissible.

Rule 31.3 (B) provides, in pertinent part: "The notice shall be in writing . . . and shall state the transaction, date, county, and the name(s) of the victim(s) for each similar transaction or occurrence sought to be introduced." The notice received by appellant gave the names of the victims and the dates the similar transactions allegedly occurred; thus, appellant's contention in regard to the dates is not supported by the transcript.

The only evidence of a similar transaction which the State sought to introduce involved the same victim as the victim in the instant case. Although the notice did not include the county, appellant was the victim's uncle and lived in the same house as the victim. Thus, he had personal knowledge of the county where the similar transaction occurred. Further, Rule 31.1 of the Uniform Rules for Superior Courts provides that notice of the State's intention to introduce evidence of

similar transactions shall be given at least ten days prior to trial "unless the time is shortened or lengthened by the judge." 253 Ga. 853. The trial judge here stated that appellant received notice in the letter and was receiving notice at the time of the hearing, which satisfied the purposes of the rule. Considering the fact that appellant knew where the alleged victim lived, together with the judge's authority to shorten the time of notice, we find no violation of Rule 31.3 (B), supra. The burden is on the party claiming error not only to show error, but error which injured him, and unless the error results in a miscarriage of justice or constitutes a substantial violation of a constitutional or statutory right, an appellate court will not reverse. *Anderson v. State*, 165 Ga. App. 885, 887 (3) (303 SE2d 57) (1983). We find no reversible error here.

*Judgment affirmed. Banke, C. J., and Birdsong, P. J., concur.*

DECIDED SEPTEMBER 11, 1986.

*J. Robert Joiner*, for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Benjamin H. Oehlert III, L. Paul Howard, Jr., Assistant District Attorneys*, for appellee.