### 72763. HALL v. THE STATE.
(351 SE2d 236)

BEASLEY, Judge.

Convicted of child molestation (OCGA § 16-6-4 (a)), defendant appeals.

1. Defendant contends the court erred in permitting evidence of a similar transaction where the state failed to comply with Uniform Superior Court Rules 31.1 and 31.3 in three particulars.

a) The notice of intention to present evidence of a similar transaction did not include the transaction, date, county and name of victim.

b) The notice was not timely; it was filed on November 13, 1985, and the case was tried on November 21.

c) The trial court did not permit an evidentiary hearing as defendant requested.

We consider these objections seriatim.

a) Defendant was indicted under three counts: statutory rape and child molestation with regard to one minor victim, and in count

three, child molestation of another of his minor nieces. The third count was severed on defendant's motion on October 28 and the state announced orally its intention to introduce the third-count incident during the trial of counts one and two.

Defendant made a motion in limine to exclude this evidence, and the state presented its notice, dated November 11 (a holiday) but filed November 13, to introduce evidence of a similar transaction. The notice referenced count three, which named the victim, the county, the date and the transaction, including the particular act of child molestation, the same type of act charged in count two, i.e., "fondle" the vagina of the victim.

Thus the notice did set forth the essential specifics of the Uniform Court Rule.

b) Although Rule 31.1 requires the notice to be filed at least 10 days before trial, it also provides the time may be either shortened or lengthened by the judge. See *Carter v. State*, 177 Ga. App. 647, 648 (1) (340 SE2d 622) (1986). We interpret this as clothing the trial court with discretion which will not be controlled absent abuse. Here the time provided was eight days, filing on the date which would have allowed ten days was prevented by a holiday, and at the hearing no harm was shown by defendant who did not request a continuance. There was ample basis for the trial court to shorten the time and not delay the trial by an additional two days.

c) Defendant contends the trial court should have conducted an evidentiary hearing. At the hearing defendant offered no witness but insisted that the state should produce its witness or witnesses so that cross-examination could be conducted. The trial court relied on the pleadings indicating the acts involved and the statement of the prosecuting attorney in his place as to the circumstances the state intended to show.

Rule 31.3 provides in part: "the judge *shall* hold a hearing . . . and *may* receive evidence on any issue of fact necessary to determine the request." (Emphasis supplied.) It further requires that "the burden of proving that the evidence of similar transactions or occurrences should be admitted shall be upon the prosecution."

Again, the rule clearly grants the trial court discretion as to the reception of evidence. There is no *per se* right to an evidentiary hearing, only to a hearing, nor any mandatory obligation to produce testimonial evidence. Here the pleadings and the state's attorney stating in his place what he expected to show at trial reveal facts upon which this court has found sufficient similarity in the transaction, especially as regards sexual crimes, to permit the admission of such evidence. *Staggers v. State*, 120 Ga. App. 875, 876 (2) (172 SE2d 462) (1969); *Bissell v. State*, 157 Ga. App. 711, 713 (7) (278 SE2d 415) (1981); *Phelps v. State*, 158 Ga. App. 219, 220 (2) (279 SE2d 513) (1981);

*Whited v. State*, 173 Ga. App. 435, 436 (2) (326 SE2d 803) (1985). By this means, the state set forth a prima facie case. Defendant offered no contradictory proof but sought merely an opportunity to test credibility. That issue would properly be for the jury at trial.

The purpose of the rule having been served by what transpired, this ground raises no reversible error.

2. Defendant argues that permitting the victim to relate previous incidents with him improperly injected his character into evidence.

Sexual offenses are exceptions to the rule that evidence of other crimes by defendant are inadmissible, for evidence of similar previous transactions are admissible to show defendant's lustful disposition. *Ballweg v. State*, 158 Ga. App. 576, 577 (2) (281 SE2d 319) (1981). In order to show motive, bent of mind and course of conduct, the prosecutrix may testify as to similar previous transactions. *Graham v. State*, 86 Ga. App. 896 (1) (73 SE2d 46) (1952); *Miller v. State*, 130 Ga. App. 275, 276 (3) (202 SE2d 682) (1973); *Felts v. State*, 154 Ga. App. 571 (1) (269 SE2d 73) (1980); *Stevens v. State*, 167 Ga. App. 744 (2) (307 SE2d 535) (1983); *Thomas v. State*, 234 Ga. 635 (1) (217 SE2d 152) (1975).

The evidence was not inadmissible for the reason urged.

3. Viewed in a light most favorable to the prosecution, the evidence was sufficient for a rational trier of fact to have found the elements of child molestation beyond a reasonable doubt. *Sprayberry v. State*, 174 Ga. App. 574, 576 (330 SE2d 731) (1985).

*Judgment affirmed. Deen, P. J., and Benham, J., concur.*

DECIDED NOVEMBER 17, 1986 —
REHEARING DENIED DECEMBER 2, 1986.

*William W. Keith III*, for appellant.

*Jack O. Partain III, District Attorney, Steven M. Harrison, Assistant District Attorney*, for appellee.