## 73829. DEVANE v. THE STATE.
### (357 SE2d 819)

BEASLEY, Judge.

Defendant appeals his convictions on an indictment for burglary (OCGA § 16-7-1), rape (OCGA § 16-6-1) and aggravated sodomy (OCGA § 16-6-2).

The evidence revealed that the sleeping victim was surprised by an unseen assailant who blindfolded her, took her into her bedroom and performed numerous sexual acts upon her constituting rape and sodomy. The victim, unable to see her attacker, deliberately sought to ascertain certain physical characteristics. She testified that, among other things, he perspired heavily, had an odor of alcohol, and had a peculiar tuft of hair on his lower back. After the attack and as he was leaving the mobile home, she was able to view him as he walked away; she testified that the attacker's hair was the same color as defendant's and was parted on the same side, that he was the same size and build as defendant, and that he was smoking a cigarette.

Although contradicted, evidence was adduced showing defendant did perspire heavily, had a clump of hair on his lower back (she identified two photographs) and smoked the same brand of cigarette as found close to the victim's mobile home. However, in translating what she had observed of the attacker when she described him to the police, the victim's estimate of her assailant's height and weight was 5' 6" to 5' 9" and 150 to 170 pounds; defendant's height was about 5' 10" and his weight was approximately 200 pounds. As to age, she described him as being in his mid-20's; defendant was 21. The victim also stated to police and at trial that her assailant was wearing a white uniform shirt and trousers, but neither was found among defendant's belongings.

The state introduced evidence that a butter knife found in the victim's bedroom beside the bed matched the pattern of a stainless steel set possessed by defendant. The victim's household did not have any of such a pattern. The state was permitted to establish that defendant, who lived in the same mobile home park and nearby the victim's home, attempted to burglarize another neighbor's home two nights later by prying the door open with a butter knife, in a similar fashion as entry to the rape victim's trailer had been gained. It was also shown that defendant had unlawfully entered a mobile home near his in another park several months before and had stolen a television set and a ring. When arrested a few days after the attempted burglary, defendant admitted both these offenses and thereafter pleaded guilty to them. He denied the instant incident.

1. Although listed as his last enumeration of error, we consider first defendant's assertion of the insufficiency of the circumstantial evidence as to his identity in that it failed to exclude every reasonable

hypothesis except that of his guilt.

Even where circumstantial, "[a]fter the verdict, the testimony is construed in its most favorable light to the prevailing party, . . . for every presumption and inference is in favor of the verdict." *Townsend v. State*, 127 Ga. App. 797, 800 (1) (195 SE2d 474) (1972). The jury determines whether the facts exclude every reasonable hypothesis save the accused's guilt. This court will not substitute its judgment for that of the jury except where the verdict is unsupportable as a matter of law. *Sellers v. State*, 176 Ga. App. 681, 682 (2) (337 SE2d 373) (1985); *Richardson v. State*, 177 Ga. App. 48, 49 (1) (338 SE2d 506) (1985). The jury was the final arbiter of conflicts in the evidence, including that engendered by conflicting testimony by the state's witnesses. *McNeese v. State*, 170 Ga. App. 118, 119 (1) (316 SE2d 564) (1984); *Searcy v. State*, 236 Ga. 789, 790 (225 SE2d 311) (1976).

The circumstantial evidence which was outlined above and detailed in the transcript authorized the jury to find beyond a reasonable doubt that defendant was the perpetrator of the offenses charged and that the essential elements of each of the offenses was present.

2. On the day of the trial the state sought a hearing on its request seeking leave to introduce evidence of other offenses committed by defendant. Defendant's counsel objected on the basis that he had only learned of the state's intention the previous Friday. The trial date was Tuesday, May 13.

Two reasons for objection were argued below and are advanced here. 1) The hearing was held without giving defendant adequate time under Uniform Rules for Superior Court 31.2, in that the morning of the trial was too late. 2) The request was neither served upon defendant nor filed with the court at least 10 days before trial as required by URSC 31.1.

The trial court overruled the objection and after a full evidentiary hearing found the evidence to be admissible for the jury's consideration as similar transactions or occurrences, under URSC 31.3. Defendant did not renew the objection.

(a) Were the superior court rules violated and was defendant harmed thereby? The state's request was signed on January 8 and sought a hearing on January 10. The case was continued and there was no hearing. The state offered testimony that a copy of the request was mailed to defense counsel (see URSC 31.3 (B)), who denied having ever received it. The notice was found in the superior court clerk's case file but contained no filing date stamp. The clerk explained: "Well, we usually clock them in unless somebody lays it back there on our desk and we just put it in the case and then it is not filed."

The record contains an order dated January 10 setting out: "The District Attorney has complied with Rule 31.3 of Uniform Rules for Superior Court by giving notice that he intends to introduce evidence

of burglaries which happened before and after the date of the charged offense. The conversations are hereby approved. So ordered this 10th day of January, 1986." It bears no filing date.

Defendant's counsel stated that he went by the district attorney's office on Friday afternoon before the trial, requested and received a copy of the notice but no exhibits were attached since the district attorney had the case file.

Despite denial of receipt, required service was accomplished as a matter of law. OCGA § 17-1-1 deals with filing and service of pleadings, motions and notices subsequent to the indictment and provides in subsection (b): "service shall be made upon the party's attorney . . . by delivering a copy to him or mailing it to him at his last known address . . . [S]ervice by mail shall be deemed complete upon mailing." Cf. *Henson v. State*, 168 Ga. App. 210 (1) (308 SE2d 555) (1983).

A more serious issue exists as to filing with the clerk. See OCGA § 17-1-1 (c). There is proof that the clerk had the document but no inkling of when the request was delivered to her. There was no evidence of any contemporaneous delivery to the clerk at the time the request was mailed. Filing either before or immediately thereafter is also a requirement of OCGA § 17-1-1 (a). Therefore, it cannot be assumed that filing was accomplished "at least ten days prior to trial." URSC 31.1. We do not countenance the failure of timely filing, but in view of the policy expressed by the clerk it could have been timely delivered but not filed by neglect of the clerk.

This Court has adopted as its primary consideration whether defendant was deprived of any substantial rights under the circumstances. *Stewart v. State*, 180 Ga. App. 266, 267 (349 SE2d 18) (1986). See *Sweatman v. State*, 181 Ga. App. 474 (1) (352 SE2d 796) (1986), where we approved the trial court's determination and noted "that the apparent purpose of the rule is to provide a criminal defendant with fair and adequate notice of the State's intention to utilize evidence of prior similar transactions so that questions as to the admissibility of such evidence can be resolved before trial." The purpose of the length of the advance notice is to allow defendant the opportunity to investigate the validity, relevancy, and other aspects of admissibility of the prior offenses, which purpose was served here by the recency of the pleas and the same counsel's participation. Nothing would have been accomplished in these circumstances by delaying the trial.

Here defense counsel was fully aware of defendant's prior offenses, having actually represented him at the plea entered at a previous term of the same court. Although defendant denied actual notice, service was lawfully accomplished, but for the clerk's filing, in a timely manner. Four months passed between the time of that service

and the hearing. Actual notice indisputably was had four days before trial. The trial court has a degree of discretion both as to the time of notice and the time of the hearing. URSC 31.1 and 31.2. See *Hall v. State*, 181 Ga. App. 92, 93 (1) (351 SE2d 236) (1986).

Considering all the factors in this case, plus the burden on defendant as appellant to establish not only error but harmful error, *Stewart v. State*, supra, we find no basis for reversal of defendant's convictions on these grounds. See also *Richardson v. State*, 182 Ga. App. 661 (356 SE2d 725) (1987).

(b) Defendant assigns error to the admission of the evidence of other offenses on the basis that the evidence was unrelated to the offenses for which he was being tried and impermissibly placed his character in evidence.

While evidence of character is generally inadmissible, "if 'the evidence is substantially relevant for some other purpose than to show a probability that [the defendant] committed the crime on trial because he is a man of criminal character,' McCormick on Evidence, § 190 at 447 (2d ed. 1972), it is admissible even if it incidentally puts the defendant's character in issue." *Walraven v. State*, 250 Ga. 401, 407 (4) (b) (297 SE2d 278) (1982). The requisites to the admissibility of evidence of independent crimes are: proof that the defendant was in fact the perpetrator of the separate and distinct offense (which includes those occurring subsequent to the offense being tried, *Harriman v. State*, 170 Ga. App. 715, 716 (2) (318 SE2d 182) (1984)); sufficient similarity or connection between the independent crime and the offense charged; relevancy to a material issue, or in other words, the concept that "proof of the former tends to prove the latter." *French v. State*, 237 Ga. 620, 621 (229 SE2d 410) (1976). "[T]estimony concerning the independent crime may be admitted for the purpose of showing identity, motive, plan, scheme, bent of mind, and course of conduct." *Hamilton v. State*, 239 Ga. 72, 75 (235 SE2d 515) (1977).

Here the evidence showed that defendant did commit the other two offenses, burglary and attempted burglary. Both offenses were of the same mode as the one here, i.e., entering, or attempting to enter trailers in close proximity to defendant's residence, by the same method and for the purpose of committing crime. The attempted burglary was especially close in time (two days). Although the other offenses involved theft of property and the present offenses were rape and sodomy, the question is whether there was sufficient similarity or connection. We agree that there was. See *Bernyk v. State*, 182 Ga. App. 329 (355 SE2d 753) (1987) and the dissent.

There must be a relevant purpose. *Walraven v. State*, supra, p. 408. The issue of identity of the rapist was crucial and the other offenses were admissible as tending to prove it. Moreover, they cast light on a plan or scheme. We note also that defendant acquiesced in

the trial court's instructions in this regard.

There was no error in permitting the evidence to be evaluated by the jury.

*Judgment affirmed. McMurray, P. J., concurs. Sognier, J., concurs in the judgment only.*

DECIDED MAY 6, 1987 —
REHEARING DENIED MAY 26, 1987 —

*John M. Vansant, Jr.,* for appellant.

*Hobart M. Hind, District Attorney, Melodie B. Swartzbaugh, Assistant District Attorney,* for appellee.