74140. NOLAN v. THE STATE.
(357 SE2d 873)

SOGNIER, Judge.

Appellant was convicted of incest, statutory rape and aggravated child molestation, and he appeals.

1. Appellant contends the trial court erred by admitting testimony from the victim that appellant shot the victim's brother in the foot with a BB gun, and on another occasion hung the victim's brother upside down on a bedpost by his shirt. At a hearing on possible evidentiary problems prior to presentation of evidence on the merits, the State informed the court that it proposed to introduce such evidence relating to the victim's brother through the testimony of the victim, who had observed these incidents. Appellant objected at the hearing to the introduction of such evidence, and the court stated that if it was in the presence of the victim, "other things being proper for its admission," the court would allow the testimony. However, the court stated that it could not rule finally (at the hearing) that such testimony would be admitted, but would have to take it one step at a time, i.e., wait to see how the evidence developed during trial before ruling on the admissibility of the testimony relating to actions by appellant against the victim's brother. When the victim

testified about the incidents involving her brother, appellant made no objection to such testimony. Since the court made no final ruling on appellant's objection at the hearing, and he did not renew his objection when the testimony was offered during trial on the merits, there is nothing for us to review. See *Hudson v. State*, 175 Ga. App. 692 (1) (334 SE2d 20) (1985).

2. Appellant contends the trial court erred by allowing evidence of similar offenses committed upon the victim by appellant because the State failed to comply with Rules 31.1 and 31.3 of the Uniform Superior Court Rules. See 253 Ga. 853-854. Specifically, appellant contends that the State's notice of its intention to present evidence of similar offenses did not include the dates and name of the county where the similar offenses occurred, as required by Rule 31.3 (B). Thus, appellant argues that the evidence of similar transactions was inadmissible. We do not agree.

The notice in this case, filed thirteen days prior to trial, informed appellant that the State intended to introduce evidence which would include numerous instances of child molestation committed by appellant upon the victim, including acts of intercourse and sodomy routinely over a period of years from the time the victim was five years old until she was twelve years old. The notice also stated that all dates could not be pinpointed with accuracy, but would show a pattern of molestation over a period of seven years.

Since the victim was appellant's adopted stepdaughter who had lived in the same trailer with appellant since she was four years old, appellant had personal knowledge of the county or counties where the similar offenses occurred. *Stewart v. State*, 180 Ga. App. 266 (2) (349 SE2d 18) (1986). The transcript discloses that while the victim could not give specific dates, she testified that the first incident occurred on the first day she attended kindergarten, and occurred several times each week thereafter until she was twelve years old. Therefore, the State did not have specific dates in its possession. However, by revealing to appellant all of the information that the State had in its possession, the State complied with Rule 31.3. *Eidson v. State*, 182 Ga. App. 321 (2) (355 SE2d 691) (1987).

Although not included in his enumerations of error, appellant contends the hearing held by the court was not in compliance with Rule 31.2 because it was not held prior to the time the case was scheduled for trial. Rule 31.2, Uniform Superior Court Rules, supra, provides that notices such as those under discussion here shall be heard and considered "at such time, date, and place as set by the judge. Generally, such will be heard at or after the time of arraignment and prior to the time at which such case is scheduled for trial." 253 Ga. 853-854. We find nothing in this Rule which *requires* the judge to hold a hearing prior to the date scheduled for trial, particu-

larly in view of the provision that any hearing will be held at a time, date and place set by the judge. The hearing here was held prior to any presentation of evidence, and outside the presence of the jury. Under such circumstances, we find no error in holding the hearing on the date of trial.

*Judgment affirmed. McMurray, P. J., concurs. Beasley, J., concurs in Division 1 and in the judgment.*

DECIDED MAY 22, 1987.

*J. Richardson Brannon*, for appellant.

*C. Andrew Fuller, District Attorney, Lee Darragh, Chandelle Turner, Assistant District Attorneys*, for appellee.