## 44036. ROBINSON v. THE STATE.
(357 SE2d 74)

CLARKE, Presiding Justice.

Appellant was convicted of felony murder in the death of Tevya Manson, the five-year-old daughter of his common-law wife Judy Jones.[1] He was found not guilty of malice murder, not guilty of cruelty to children, and guilty of concealing the death of another person. He was sentenced to life imprisonment for felony murder and to a twelve-month concurrent sentence for concealing the death of another person.

The evidence showed that on Easter Sunday morning, April 7. 1985, appellant, a paraplegic, and Judy Jones beat the child to death. The mother, following futile attempts to burn the body or cut up the body, disposed of the body by boiling it in a trash can on top of a gas stove, separating the flesh from the bones, crushing the bones, and placing the remains in trash bags. The trash bags were then deposited in dumpsters in the Macon area. Following the arrest of Ms. Jones in August, she gave a full confession implicating appellant.

Jones' testimony at trial indicated that she brought the child to the appellant where the child was beaten by both appellant and Jones with fists and a mop handle for twenty to twenty-five minutes. Jones then attempted to revive her as instructed by appellant in the shower and then rubbed her with alcohol. While rubbing her with alcohol she realized that the child had stopped breathing. Her testimony shows that Jones followed the instructions of appellant in beating the child and in later disposing of the body.

1. In his first enumeration of error the appellant contends that the trial court erred in allowing the state to introduce evidence of similar crimes and transactions without complying with the ten-day notice rule of Uniform Superior Court Rule 31. The evidence complained of was testimony by Joyce Bell, who was previously married to appellant. Although the state notified appellant eleven days before trial that evidence of similar crimes and transactions would be presented, the notice did not contain the name and address of the prior victim or the date of the previous occurrence because the state did not have full information until after selection of the jury. At that time, before the introduction of any evidence, the state informed appellant of the victim's name and all of the relevant information which would allow appellant to investigate the matter. At the hearing

---

[1] The crime was committed on April 7, 1985. Appellant was arrested August 5, 1985. The trial commenced March 31, 1986, and the jury handed down its verdict April 8, 1986. Appellant was sentenced April 8, 1986. A motion for new trial was filed May 7, 1986 and was denied September 26, 1986. The notice of appeal was filed October 10, 1986, and the transcript was certified October 30, 1986. The case was docketed in this court November 5, 1986 and submitted for decision December 19, 1986.

outside the presence of the jury to determine whether the testimony of Joyce Bell should be allowed, the judge stated that he could lay no blame on the state for not getting the information to the appellant sooner. Further, the court indicated that if appellant were having difficulty transporting a witness to Georgia to assist him, upon proper application the court would make funds available. We find that since the state gave appellant all the information it had as soon as it had it, since Rule 31.1 provides that the time to provide the information can be lengthened by the court, and since the court gave appellant ample opportunity to construct a defense against the testimony as to similar crimes and transactions, there was no error. Uniform Superior Court Rule 31.1; *Cargill v. State*, 255 Ga. 616 (340 SE2d 891) (1986).

2. Appellant contends that his statement was not voluntary because he was not given food or water or taken to the rest room when placed in a holding cell after an hour-long interview or during a second interview which resulted in his confession. In all, the time that appellant contends that he was without food, water, medication, or rest room facilities was about twelve hours. After an extensive *Jackson v. Denno* hearing the court found the appellant's statement to have been voluntary. There was no indication that appellant had ever requested assistance in using the rest room or that he ever requested food or water. There was testimony that there was water in the holding cell in question and that he had medication and a catheter in place during this period. The confession occurred after one of the detectives, who was alone with appellant at the time, said into the tape recorder, "I am going to interrupt the interview at this time. . . ." The recorder was turned off. After it was turned back on, appellant made a statement admitting his presence at the time of the death of the child, knowledge of the death of the child and knowledge of the efforts of the mother to conceal the death. Although it would have been better practice to keep the tape recorder running at all times during the interview with the prisoner, we agree with the trial judge's conclusion that a gap in the tape does not prove lack of voluntariness. We find no error in the court's finding that the statement was voluntary.

3. In his third enumeration of error, appellant claims that since the jury did not convict him of the underlying felony of cruelty to children, he could not be guilty of felony murder. "We have held that if there is a single victim one may not be convicted both of the underlying felony and of felony murder." *Stitt v. State*, 256 Ga. 149, 151 (345 SE2d 578) (1986); *Brown v. State*, 256 Ga. 439 (349 SE2d 738) (1986). Therefore, if the jury had convicted appellant of both felony murder and cruelty to children, the cruelty to children conviction would have had to be set aside. There is no basis for a claim that the felony murder conviction must be set aside because a finding of not

guilty of cruelty to children is inconsistent with a finding of guilty of felony murder when the underlying felony is cruelty to children. This is true because in Georgia we have abolished the inconsistent verdict rule. *Milam v. State*, 255 Ga. 560 (341 SE2d 216) (1986). See *United States v. Powell*, 469 U. S. 57 (105 SC 471, 83 LE2d 461) (1984); *Dunn v. United States*, 284 U. S. 390 (52 SC 189, 76 LE 356) (1932), for the proposition that inconsistent verdicts need not be set aside but may be construed as an indication of leniency on the part of the jury even in the case of acquittal on the predicate felony and conviction on the compound felony. In the present case, there is no doubt that the evidence showed the elements of the underlying felony, cruelty to a child, and that the jury was authorized to find the appellant guilty of felony murder.

4. Finally, appellant contends that the court erred in not granting a mistrial because of closing arguments by the state. The specific statements complained of were that the prosecutor said that the appellant lied and that the prosecutor made reference to Charles Manson and Jim Jones and to their powers of persuasion and ability to control others. After appellant objected to each of these statements, the court refused to either grant a mistrial or to give cautionary instructions. The statement that appellant lied was in reference to a missing person report filed by appellant on Judy Jones. Since there was evidence that he knew where she was, the prosecutor's remarks indicate merely that he drew a permissible inference from the evidence. See *Fann v. State*, 254 Ga. 514 (331 SE2d 547) (1985). In regard to the references to Charles Manson and Jim Jones, we find that the use of these cases of illustrations of the ability of some people to exert control over others is within the wide latitude which we allow in closing arguments. In *Conner v. State*, 251 Ga. 113, 122 (303 SE2d 266) (1983), we found that counsel may make use of well-established historical facts in his argument and make full use of illustrations as long as he does not introduce "extrinsic and prejudicial matters" which have no basis in the evidence in the case. Here, the prosecutor said, "I think if you think back and use your common sense and recollect, this is not the first time that individuals have had people under their persuasion or their control." He then went on to remind the jury of the Manson and Jones cases. We find that the court was correct in denying the motion for mistrial and in giving no curative instructions since the prosecutor did not go beyond the bounds of the wide latitude allowed in closing arguments.

*Judgment affirmed. All the Justices concur, except Bell, J., who concurs in the judgment only. Hunt, J., disqualified.*

DECIDED JUNE 24, 1987.

Alvin C. McDougald, for appellant.
Theron Finlayson, District Attorney, George R. Christian, Assistant District Attorney, Michael J. Bowers, Attorney General, Eddie Snelling, Jr., Assistant Attorney General, for appellee.