## 74579. ROMAN v. THE STATE.
(363 SE2d 329)

SOGNIER, Judge.

Appellant was convicted of aggravated sodomy and child molestation, and he appeals.

1. Appellant contends the trial court erred by allowing the State to present evidence of two similar offenses or occurrences because the State did not notify appellant of its intention to present such evidence at least ten days prior to trial, as required by Rule 31.1, Uniform Superior Court Rules. 253 Ga. 853. At a hearing on appellant's objection to the presentation of such evidence it was established that the prosecution notified appellant eight days prior to trial that it intended to present evidence of a prior conviction of appellant in 1979 for the offense of enticing a child for indecent purposes. Four days prior to trial the State gave appellant an amended notice that included an incident in 1985 similar to the offenses charged here.

Rule 31.1, supra, provides that notice of the State's intention to present evidence of similar transactions or occurrences shall be given and filed at least ten days before trial "unless the time is shortened or lengthened by the judge." At the hearing on appellant's objection the prosecuting attorney stated that in regard to appellant's conviction in

1979, he had directed his secretary to mail the notice to appellant and file a copy of it in court in sufficient time to meet the ten-day requirement, but she apparently did not do so. Further, the prosecuting attorney and appellant's counsel had discussed the State's intention to introduce such evidence prior to the actual mailing of the notice. After hearing arguments on this issue from both parties, the trial court ruled it would shorten the required time of notice to eight days under the authority set forth in Rule 31.1. We find no error in that ruling, since appellant's counsel was aware of the State's intention to present evidence of the prior conviction before counsel received the State's formal, written notice. Reducing the time period for notice is a matter within the court's discretion which will not be disturbed by this court absent abuse of that discretion. *Hall v. State*, 181 Ga. App. 92, 93 (1) (b) (351 SE2d 236) (1986). We find no abuse of discretion here.

As to evidence of the similar occurrence in 1985, the prosecuting attorney did not learn of such evidence until four days prior to trial. The defense counsel was present in the prosecuting attorney's office when the report was received, and appellant's counsel actually read the report before the prosecuting attorney read it. Thus, evidence of the State's intention to present such evidence was given to appellant as soon as the State learned of the incident. Further, at the hearing the State agreed to a continuance, if necessary, to allow appellant time to interview witnesses who would testify about the similar occurrence. Under such circumstances we find no error in overruling appellant's objection to the presentation of such evidence. Common sense dictates that the State cannot give notice of its intention to introduce evidence ten days prior to trial when it is not aware of the existence of such evidence until four days prior to trial.

In regard to appellant's complaint that the court did not hold a hearing on the issue of notice prior to the date of trial, it was brought out at that hearing that at an earlier motion hearing several days prior to trial, appellant's counsel agreed to take up the issue of notice of evidence of similar offenses at a hearing on the day trial commenced. Further, there is nothing in Rule 31.2, Uniform Superior Court Rules, 253 Ga. 853-854, which requires the judge to hold a hearing prior to the date scheduled for trial. *Nolan v. State*, 183 Ga. App. 52, 53 (2) (357 SE2d 873) (1987). In fact, the rule provides that the hearing will be held at a time designated by the judge. The hearing was held prior to the presentation of any evidence, outside the presence of the jury, and thus, there was no error. *Nolan*, supra at 54.

2. Appellant asserts error in allowing Detective Scott Cosper to testify as to a statement appellant made to him (Cosper) because the State did not comply with the requirements of OCGA § 17-7-210. That statute provides that at least ten days prior to trial the defendant shall be entitled to have a copy of any statement made by him

while in police custody; if the statement is oral, the prosecution shall furnish, in writing, all relevant and material portions of the defendant's statement. Further, if the statement is oral, no relevant and material (incriminating or inculpatory) portion of the statement may be used against the defendant unless a summary of it has been previously furnished to him. Appellant made a timely, written request for copies of all written statements made by him while in custody, and a summary of all oral statements made by him while in custody. At a Jackson-Denno hearing (*Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908)), it was established that appellant made two statements, one to Cosper when he first came to the sheriff's office for questioning, and a second statement to Sheriff Earl Lee about twelve hours later. Both statements were tape-recorded, but the recording of appellant's initial statement to Cosper was lost. Therefore, the State gave appellant a verbatim transcript of his statement to Lee, and a brief summary of the incriminating portion of his statement to Cosper.

Appellant does not dispute the fact that the statements were provided at least ten days prior to trial, but argues that the testimony of Cosper as to appellant's statement to him (Cosper) was inadmissible because appellant did not know that the summary and the verbatim transcript provided related to two different statements. This argument is without merit.

There is nothing in OCGA § 17-7-210 which requires the State to inform a defendant of the name of the person to whom he made a statement while in custody, and appellant has cited no authority to support his argument that failure to do so renders the statement inadmissible. Cosper's name was on the list of witnesses provided appellant, and he was well aware that he had made two statements, one to Cosper and one to Lee. The purpose of the statute is to inform the defendant in writing of all relevant and material portions of his own statements that the State intends to use to his disadvantage. *White v. State*, 253 Ga. 106, 109 (2) (317 SE2d 196) (1984). In *White* the State gave the defendant one summary of statements to two different officers, and the court held that the purpose of the statute was satisfied because the defendant was notified of the substance of the statement(s) the State anticipated using against him. Appellant here was also advised of the substance of the statements to be used against him, and thus, the purpose of the statute was satisfied. Accordingly, we find no error in allowing Cosper to testify as to the statement made to him by appellant.

3. Appellant contends the trial court erred by denying his request to charge on aggravated child molestation, which appellant argues was a lesser included offense under the facts of this case. We do not agree. The State presented evidence that appellant committed ag-

gravated anal sodomy on the victim, his ten-year-old grandson, by holding his arms behind his back and forcing himself upon the victim. Appellant testified and repudiated his confessions to *attempting* to commit sodomy and child molestation, and swore that he did not molest his grandson at all. Where the evidence shows either the completed offenses as charged, or no offense at all, such evidence will not support a verdict for one of the lesser grades of the offense, and the court should not charge on the lesser grade of the offense. *Hardy v. State*, 159 Ga. App. 854, 859 (285 SE2d 547) (1981). See also *Hambrick v. State*, 174 Ga. App. 444, 447 (2) (330 SE2d 383) (1985). Hence, the trial court did not err by denying appellant's request to charge on aggravated child molestation.

*Judgment affirmed. Birdsong, C. J., Deen, P. J., McMurray, P. J., Banke, P. J., Pope and Benham, JJ., concur. Carley, J., concurs specially. Beasley, J., concurs in part and dissents in part.*

CARLEY, Judge, concurring specially.

I concur fully in Divisions 1 and 2 of the majority opinion. With regard to Division 3, I agree that there was no error in failing to give the appellant's request to charge on aggravated child molestation. However, the failure to give the charge was not error simply because aggravated child molestation requires proof that the victim was under the age of 14, an element not required in the offense of aggravated sodomy. Accordingly, aggravated child molestation is *not* a lesser included offense of aggravated sodomy. *Hill v. State*, 246 Ga. 402, 405 (III) (271 SE2d 802) (1980). There was no error in failing to give the requested charge.

I am authorized to state that Judge Beasley joins in this special concurrence.

BEASLEY, Judge, concurring in part and dissenting in part.

I respectfully dissent with respect to Divisions 1 and 2 of the majority opinion and concur with Judge Carley insofar as Division 3 is concerned.

1. There were two violations of USCR 31.1, and with respect to at least the latter one involving the four-day notice, it should be held that there was an abuse of discretion in shortening the time from ten days and thereby paving the way for introduction of the evidence of an alleged February 1985 incident.

In considering the admission of evidence of similar incidents, the underlying principle which must be served is the fundamental one "in our system of jurisprudence, intended to protect the individual who is charged with crime, and to insure him of a fair and impartial trial before an unbiased jury, that the general character of the defendant and his conduct in other transactions is irrelevant unless the defend-

ant chooses to put his character in issue." *Bacon v. State*, 209 Ga. 261, 262 (71 SE2d 615) (1952); OCGA § 24-2-2. Exceptions have been developed, however, so that for example proof of a separate crime, which is similar and logically connected with the crime on trial, and relevant to an issue, is admissible even when defendant does not put his character at issue. *Bacon*, supra; *Lucas v. State*, 178 Ga. App. 150 (342 SE2d 377) (1986); *Hill v. State*, 183 Ga. App. 404 (1) (359 SE2d 190) (1987); *DeVane v. State*, 183 Ga. App. 60, 63 (2) (b) (357 SE2d 819) (1987) (grant of certiorari vacated October 26, 1987).

Because of the devastating practical effect on defendant's defense, and in obedience to the fundamental principle recited above, the law by way of USCR 31.1 has accommodated the interests of the state and the defendant by requiring the state, when it intends to introduce such exceptional evidence, to give the defendant ten days notice in advance of trial. This specified period of time allows the defendant an opportunity to object ahead to the introduction of the damaging evidence and, if his objection fails, to prepare his defense with that impediment in tow. It also allows him an opportunity to investigate the truth of the alleged prior crime or incident, as well as its legal efficacy in the event it resulted in conviction. See *DeVane*, supra at 62 (2) (a).

Since the effective date of the rule on July 1, 1985, there have been at least a dozen appellate cases involving its application. Several of them call into review the exercise of the trial court's discretion in shortening the ten-day advance notice which is allowed by the rule. See *DeVane v. State*, supra; *Richardson v. State*, 182 Ga. App. 661, 662 (2) (356 SE2d 725) (1987); *Durham v. State*, 181 Ga. App. 155, 156 (2) (351 SE2d 683) (1986); *Hall v. State*, 181 Ga. App. 92 (1) (351 SE2d 236) (1986); *Stewart v. State*, 180 Ga. App. 266 (2) (349 SE2d 18) (1986). Thus it appears that it has added to the problems which arise in criminal trials.

In exercising the discretion given to shorten the ten-day requirement, the court must consider whether the purposes of the rule have been served so that non-compliance can be excused. Relevant factors would be the nature of the evidence (whether a straightforward documented conviction or an unconvicted prior incident), the defendant's need for the ten-day period, the reasons for the state's failure, and the relative degree of impact which the evidence will have, such as whether it is simply another one of many convictions already noticed.

Notice of intent to introduce a 1979 incident of "enticing a (female) child for indecent purposes," of which defendant was convicted, was given and filed only seven days before trial was set, but the state did not at that point ask the court to shorten the time or reset the trial.

The nature of the evidence was a conviction which defendant did

not contest. Counsel indicated he had no time to investigate it because the public defender's office for which he worked had thirteen cases on the court's trial calendar, but he asserted no need for the full period. He had reviewed that record in the district attorney's office ten days before trial, and the conviction was one from the same court. Although the state offered no reasonable excuse for the tardiness despite its being responsible for the untimely work of its clerical employees, and although the prior conviction of a sex offense involving a child would have a significant impact on the jury's determination in this case, it would be beyond the bounds of appellate review to classify the trial court's ruling as an abuse of discretion.

The second notice was given and filed only four days before trial, with a weekend intervening, and again no shortening or continuance was sought by the state when it provided this tardy notice. Here the circumstances were not as borderline as they were in respect to the prior conviction.

The evidence was not a conclusive conviction of which defendant would already be aware, but rather an unindicted accusation that a year-and-a-half earlier, defendant had molested a six-year-old boy. Defendant and defense counsel did not even know about the accusation until apprised of it in the district attorney's office on that Thursday before Monday's trial. Counsel had very little opportunity, if any, to investigate it. When he objected at trial and asked that the incident be excluded from introduction, the court said it would allow time to interview the two witnesses, that is, the mother and the young boy, when they reported in the morning pursuant to the state's subpoenas. Counsel implored the court to grant two days for investigation, recognizing that the witnesses likely would decline interview. The court acknowledged this problem but refused the continuance and instead delayed for half an hour the morning starting time.

The reason given by the state for the notice so close to trial was that it was unaware of the alleged incident until Deputy Sheriff Cosper apprised the district attorney of it that same day. While it is true that the state cannot give notice of what it does not know, this information was within the direct knowledge of the state's law enforcement arm, the very investigative department used by this district attorney. Not only that, it was the arresting officer, who was on the state's witness list filed October 24, who reported it to the district attorney. It had been reported to him by the child's mother in August.

Such knowledge should be imputed to the state, the same as applies to knowledge of defendant's statements, else OCGA § 17-7-210 is violated. *Talley v. State*, 251 Ga. 42 (302 SE2d 355) (1983); *Ludy v. State*, 177 Ga. App. 767 (1) (341 SE2d 224) (1986). USCR 31 does not even contain an exception for newly discovered evidence, as is pro-

vided in OCGA § 17-7-210 (e). For an illustration of the latter, see *Satterfield v. State*, 256 Ga. 593, 600 (12) (351 SE2d 625) (1987); moreover, it is not clear in that case that the witness who had knowledge of the statement was a law enforcement officer; if he was, he was not an officer of this state. Yet even a statement to one other than an officer is subject to the timely disclosure requirement of OCGA § 17-7-210. *Walraven v. State*, 250 Ga. 401, 405 (2) (297 SE2d 278) (1982). Compare *Ledesma v. State*, 251 Ga. 487, 489 (5) (306 SE2d 629) (1983), where deeming the statement to an officer as newly discovered evidence was based in part on its being relevant only in rebuttal and, in addition, neither inculpatory nor exculpatory in and of itself.

A like exclusion is mandated by OCGA § 17-7-211 for written scientific reports. *Luck v. State*, 163 Ga. App. 657, 658 (2) (295 SE2d 584) (1982); *Law v. State*, 251 Ga. 525, 528 (2) (307 SE2d 904) (1983).

To allow shortening of time in the circumstances of this case is to allow Rule 31 to become a virtual nullity. The state can wait until the last minute to ascertain defendant's prior record or earlier incidents and then when it finds some which it wishes to introduce at trial, say "I just found out." That emasculates the rule, disserves its purpose, hampers and handicaps defendant in the preparation and presentation of his defense, and rewards the state for ignoring the ten-day rule.

The evidence was undeniably prejudicial. The mother testified that her son, at her urging when she first suspected it one-and-a-half years after the incident, described to her certain acts which defendant allegedly engaged in while the child was being cared for by defendant's family. The child drew pictures to explain it to his mother and father, which drawings were submitted to Deputy Cosper in August and admitted in evidence. The child, a friend of the victim allegedly attacked on August 1, also testified, with his mother present, describing that defendant had done substantially the same thing to him.

Yet defendant had no opportunity to learn in advance the details or circumstances of this alleged prior act nor to investigate the truth of it. For one thing, he was able to speak with the mother for only a minute or two before trial. Counsel was impossibly handicapped in cross-examination of both witnesses, in refuting the charge, in preparing the defense, and in challenging the similarity, logical connection, relevancy, and other aspects of its admissibility.

This tableau compels a conclusion that defendant was deprived of fair and adequate notice and so of a fair trial in terms of what is required by Georgia law. Disallowing the evidence altogether would not have been mandated, as the court could have granted a continuance. As recognized by the Supreme Court in *Robinson v. State*, 257 Ga. 194, 195 (1) (357 SE2d 74) (1987), the court must give defendant "ample opportunity to construct a defense against the testimony as to

similar crimes and transactions."

2. The facts relating to the pretrial delivery of defendant's statements and their significance to defendant's trial preparation also compels departure from the opinion.

In response to the request for all statements made by defendant while in custody, the state produced a three-sentence "Synopsis of Defendant's Statement" followed by "NOTE: Tape available thru D.A.'s Office." Defense counsel communicated with the district attorney's office about this and understood it to relate to the statement to Sheriff Lee. He was even given a transcript of the tape, in further response to the discovery demand. There is no indication that he knew of the earlier statement to arresting officer Cosper or that he was put on notice of it by the state.

He went to the district attorney's office and listened to the tape of Lee's interview and detected that the portion allegedly admitting that defendant fondled the child's genitals was objectionable because just prior to that, defendant had indicated a desire for an attorney. Armed with this bar to evidence of child molestation as charged in count two, defendant went to trial and successfully objected to that portion of the statement. That left only the child's vague and noncommittal testimony on the subject, which never quite reached evidence of a touching of his genitals.

The state, in its planning, decided to use Deputy Cosper's testimony regarding the statement made earlier to him, when it realized the existence of an impediment to introduction of the post-request portion of defendant's statement to Sheriff Lee. It did not advise defendant of this in advance, nor did it give any indication whatsoever that the synopsis and the tape listed in the response to discovery demand were meant to cover two separate statements. Whether this was intended to begin with, when the response was drafted, or whether the decision to use two statements came afterward, is not clear but does not control. What does is that defendant was not apprised that there were two separate statements, and that he was notified of only one.

The fact that the short synopsis fit both, which fact persuaded the trial court that no harm was done, is beside the point. What defendant came to trial with was the well-founded opinion that the statement contained in the taped and transcribed interview with Sheriff Lee, which was synopsized by "Defendant admitted fondling grandson," was inadmissible. He was not informed that there was an earlier statement to this same effect which did not have the attorney-request obstruction.

OCGA § 17-7-210 makes it the obligation of the State to provide the statements. The purpose and the objective is to inform the defendant, as the opinion aptly states, citing *White v. State*, 253 Ga.

106, 109 (2) (317 SE2d 196) (1984). The law was not complied with here, to defendant's prejudice. He should not have to guess at what the state means in its response nor to divine that when it says "statement" it means two statements. And the fact that Cosper's name was on the list of witnesses was no notice of the statement to him; Cosper was the arresting officer, so his name would likely appear as to that aspect of the case.

The imperfections in this trial, which resulted in sentences of life imprisonment and fifteen years concurrent, require a new trial.

DECIDED NOVEMBER 20, 1987.

*Jennifer McLeod*, for appellant.
*Frank C. Winn, District Attorney, J. David McDade, Assistant District Attorney*, for appellee.