## 76154. BUXTON v. THE STATE.
(367 SE2d 286)

POPE, Judge.

John Max Buxton brings this appeal from his conviction and sentence of aggravated assault (4 counts), theft by taking a motor vehicle, and armed robbery (4 counts). His sole enumerated error is the trial court's denial of his motion for directed verdict of acquittal. Defendant premises his enumeration upon the asserted lack of corroboration of the testimony of his daughter, a purported accomplice, which implicated defendant as a participant in the subject crimes.

"To authorize a felony conviction on the testimony of an accomplice, it is necessary that the evidence of the accomplice be corroborated [OCGA § 24-4-8], and the corroborating circumstances should be such as, independently of his testimony, to lead to the inference that the defendant is guilty. But it is not required that this corroboration shall of itself be sufficient to warrant a verdict, or that the testimony of the accomplice be corroborated in every material particular. Slight evidence from an extraneous source identifying the accused as a participator in the criminal act will be sufficient corroboration of the accomplice to support a verdict. The sufficiency of the corroboration of the testimony of the accomplice to produce conviction of the defendant's guilt is peculiarly a matter for the jury to determine. If the verdict is founded on slight evidence of corroboration connecting the defendant with the crime, it can not be said, as a matter of law, that the verdict is contrary to the evidence." (Cits. and punctuation omitted.) *Waldrop v. State*, 221 Ga. 319, 320 (144 SE2d 372) (1965); see *Ivey v. State*, 91 Ga. App. 455 (1) (85 SE2d 829) (1955).

Defendant does not challenge the adequacy of the corroborating evidence tending to prove the truth of the accomplice's general testimony. Rather, his attack here is limited to the independent, corroborating evidence tending to prove his identity and participation in the crime. See generally *West v. State*, 232 Ga. 861 (2) (209 SE2d 195) (1974). The only evidence corroborating defendant's participation in the crimes sub judice was provided by a microanalyst for the State Crime Lab. He testified that, in his opinion, hair samples taken from a ski mask allegedly used by one of the perpetrators were "similar to the known head hair from [defendant and] could have come from his head, but not to an identifying point." We find this corroborating evidence, albeit slight, tended to prove defendant's identity and participation in the crimes and thus was sufficient as a matter of law. Accord, e.g., *Smith v. State*, 245 Ga. 205 (2) (264 SE2d 15) (1980); *Gunter v. State*, 243 Ga. 651 (2) (256 SE2d 341) (1979); *Harris v. State*, 165 Ga. App. 186 (299 SE2d 393) (1983). We further find that any rational trier of fact could have found defendant guilty of the crimes listed above beyond a reasonable doubt.

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED MARCH 16, 1988.

*John W. Knight*, for appellant.
*Hobart M. Hind, District Attorney, Melodie B. Swartzbaugh, Earl Jones, Assistant District Attorneys*, for appellee.