### 76059. THOMPSON v. THE STATE.
(367 SE2d 586)

POPE, Judge.

Defendant Aaron Thompson brings this appeal from his conviction and sentence of armed robbery.

1. Defendant first challenges the sufficiency of the evidence and argues that his conviction was based solely on the uncorroborated testimony of an alleged accomplice, who was indicted along with defendant for the crime charged but pled guilty at trial following the selection of the jury. " 'In Georgia the testimony of an accomplice used to convict the accused of a crime must be supported by independent corroborating evidence as to the identity and participation of the accused tending to connect him to the crime or leading to the inference that he is guilty.' *Eubanks v. State*, 240 Ga. 544, 545 (242 SE2d 41) (1978). The necessary corroboration may be by circumstantial evidence. *Blalock v. State*, 250 Ga. 441, 443 (4) (298 SE2d 477) (1983). Slight corroboration of the evidence is sufficient. *Bryant v. State*, 179 Ga. App. 653 (347 SE2d 301) (1986)." *Lecounte v. State*, 183 Ga. App. 407 (359 SE2d 193) (1987); *McCoy v. State*, 185 Ga. App. 221 (2) (363 SE2d 628) (1987).

In the present case, the accomplice testified that he arrived in Georgia from New York on October 11, 1986, to visit the defendant, a distant relative. He testified that he and the defendant then traveled, via the defendant's car, to Glennville, Georgia in order to rob a convenience store. The accomplice further testified that he actually entered the convenience store and committed the robbery while defendant waited in his car on a dirt road near the store for him to return, whereupon they both fled. The accomplice identified this road from an aerial photograph.

In corroboration of this testimony, the State offered the testimony of an agent with the Georgia Bureau of Investigation who testified that he examined the area surrounding the store, and that he found footprints and tire tracks, on a hard-packed dirt road approxi-

mately one-eighth of a mile from the store; he further testified that his examination revealed these tire tracks to be of the same design or pattern as the tires on the defendant's car, and that the tracks were "consistent with" the defendant's tires. The agent also testified, however, that he could not definitely state that the defendant's car made the tracks in question. We find this corroborating evidence, albeit slight, tended to prove defendant's identity and participation in the crime charged and thus was sufficient as a matter of law. Accord, e.g., *Smith v. State*, 245 Ga. 205 (2) (264 SE2d 15) (1980); *Gunter v. State*, 243 Ga. 651 (2) (256 SE2d 341) (1979); *Buxton v. State*, 186 Ga. App. 399 (367 SE2d 286) (1988); *Harris v. State*, 165 Ga. App. 186 (299 SE2d 393) (1983). We further find that any rational trier of fact could have found defendant guilty of the offense of armed robbery beyond a reasonable doubt.

2. Defendant also argues that the trial court erred in allowing the State to present evidence of similar transactions because notice of the intent to introduce such evidence was not timely given pursuant to Uniform Superior Court Rule 31.1. "Although Rule 31.1 requires the notice to be filed at least 10 days before trial, it also provides the time may be either shortened or lengthened by the judge. See *Carter v. State*, 177 Ga. App. 647, 648 (1) (340 SE2d 622) (1986). We interpret this as clothing the trial court with discretion which will not be controlled absent abuse." *Hall v. State*, 181 Ga. App. 92, 93 (351 SE2d 236) (1986). The transcript in the case at bar shows that the State explained that the required notice was not timely mailed due to "clerical error," and further stated that defense counsel was orally informed of the State's intent to introduce such evidence five days prior to trial, and that written notice was provided to defendant the following day. The trial court found the five days' notice sufficient under the facts of this case and noted that "[c]ounsel and the [defendant] certainly knew or should have known beyond a shadow of a doubt that the two offenses being almost identical . . . as alleged in the indictment . . . would be introduced as a similar offense," and thus found that neither defendant nor his counsel had been prejudiced by the shortened time period in the case at bar.

In *Devane v. State*, 183 Ga. App. 60 (2a) (357 SE2d 819) (1987), we noted that "[t]his Court has adopted as its primary consideration whether defendant was deprived of any substantial rights under the circumstances. *Stewart v. State*, 180 Ga. App. 266, 267 (349 SE2d 18) (1986). [Cit.] [In this regard we have also] noted 'that the apparent purpose of the rule is to provide a criminal defendant with fair and adequate notice of the State's intention to utilize evidence of prior similar transactions so that questions as to the admissibility of such evidence can be resolved before trial.' The purpose of the length of the advance notice is to allow defendant the opportunity to investi-

gate the validity, relevancy, and other aspects of admissibility of the prior offenses, which purpose was served here by the recency of the [defendant's conviction for the other armed robberies] and the same counsel's participation [in the previous trial]. . . . [Therefore, and] considering all the factors in this case, plus the burden on defendant as appellant to establish not only error but harmful error, [cit.], we find no basis for reversal of defendant's [conviction on this ground.] See also *Richardson v. State*, 182 Ga. App. 661 (356 SE2d 725) (1987)." (Indention omitted.) *Devane*, supra at 62. See, e.g., *Roman v. State*, 185 Ga. App. 32 (1) (363 SE2d 329) (1987); *Sweatman v. State*, 181 Ga. App. 474 (1) (352 SE2d 796) (1987); *Durham v. State*, 181 Ga. App. 155 (2) (351 SE2d 683) (1986); *Hall*, supra at (1b).

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED MARCH 17, 1988.

*Joseph C. Kitchings*, for appellant.

*Dupont K. Cheney, District Attorney, J. Thomas Durden, Jr., Assistant District Attorney*, for appellee.