A92A0906. WATKINS v. THE STATE.
(426 SE2d 238)

COOPER, Judge.

Appellant was convicted of robbery in a jury trial and appeals the trial court's denial of her motion for new trial.

Viewed in a light to support the jury's verdict, the evidence shows that appellant's accomplice entered the victim's home and physically attacked him, eventually wrestling him to his bed where

she forcibly restrained him by placing her knee in his abdomen and her arms around his neck. The victim then saw appellant peek through the front door. Appellant entered the house, threw a coat over the victim's head, reached under the victim's mattress and took the victim's wallet containing at least $100. Although appellant denied committing the robbery, she admitted that she had known the victim for ten years and had visited his home on numerous occasions.

1. In her first and second enumerations of error, appellant contends the trial court erred in admitting evidence of a 1989 conviction for a robbery committed in 1988 as a similar transaction.

(a) Appellant argues first that the State failed to give timely notice of its intention to introduce evidence of the 1988 robbery. " 'Although [Uniform Superior Court] Rule 31.1 requires the notice to be filed at least 10 days before trial, it also provides the time may be either shortened or lengthened by the judge. [Cit.] We interpret this as clothing the trial court with discretion which will not be controlled absent abuse.' [Cit.]" *Thompson v. State*, 186 Ga. App. 421, 422 (2) (367 SE2d 586) (1988). The record shows that the State filed notice of its intention to introduce evidence of appellant's prior robbery conviction one day before the trial commenced. Appellant contends that the trial court erred in shortening the ten-day requirement because the State failed to exercise due diligence in complying with the notice requirement. Appellant argues that the 1989 conviction took place in Cobb County; that the instant case was pending against her for seven months during which time the prosecutor had access to appellant's Cobb County criminal record, as well as computer network criminal files; that more than ten days prior to the trial, the prosecutor and appellant's attorney discussed the fact that appellant was already on probation at that time; that although the prosecutor did not know the specific circumstances surrounding the probation and related conviction, he initiated the revocation of that probation; and that further inquiry into the prosecutor's own Cobb County records after the conversation with appellant's attorney would have revealed the 1989 robbery conviction soon enough to have given appellant timely notice of the State's intent to introduce the prior conviction at trial. The prosecutor maintained at the pre-trial hearing that the customary computer search of appellant's record revealed five prior felony convictions but inexplicably did not include the 1988 robbery and that until he received a probation revocation form referring to the 1988 case on the day before the trial, he was unaware of the conviction and the similarities between the two robberies. The trial court found no lack of diligence on the part of the State but ordered that the victim of the 1988 robbery be produced by the State for discovery by appellant prior to the commencement of the trial.

" '[T]his court has adopted as its primary consideration whether

defendant was deprived of any substantial rights under the circumstances. [Cit.] (Cit.) (In this regard we have also) noted "that the apparent purpose of the rule is to provide a criminal defendant with fair and adequate notice of the State's intention to utilize evidence of prior similar transactions so that questions as to the admissibility of such evidence can be resolved before trial." The purpose of the length of the advance notice is to allow defendant the opportunity to investigate the validity, relevancy, and other aspects of admissibility of the prior offenses. . . . [Cit.]' [Cits.]" *Thompson*, supra at 422-423. This purpose was served by the trial court's order requiring the victim of the 1988 robbery to be available for questioning by appellant in advance of the trial. The record contains no request for a continuance, no further objection regarding the 1988 robbery and no further objection to proceeding to trial by appellant prior to the commencement of the trial. Appellant has the burden on appeal of establishing not only error, but harmful error. Id. "Common sense dictates that the State cannot give notice of its intention to introduce evidence ten days prior to trial when it is not aware of the existence of such evidence until [one day] prior to trial." *Roman v. State*, 185 Ga. App. 32, 33 (1) (363 SE2d 329) (1987). Accordingly, we find no abuse of discretion or prejudice to appellant resulting from the shortening of the ten-day notice requirement. *Adams v. State*, 191 Ga. App. 16 (4) (381 SE2d 69) (1989).

(b) Appellant next argues that the transaction was not sufficiently similar to the offense of which he was convicted. " 'Before evidence of similar offenses is admissible, two criteria must be met. First, it must be shown that appellant was the perpetrator of the similar offenses, and second, there must be sufficient similarity or connection between the independent crimes and the offense charged that proof of the former tends to prove the latter.' [Cit.]" *Jordan v. State*, 192 Ga. App. 69, 70 (2) (383 SE2d 631) (1989). Appellant admits having been the perpetrator of the prior offense; however, we agree with appellant that there is insufficient similarity between the two such that proof of the former tends to prove the latter. In the 1988 robbery, the victim had been driving around in search of a particular address when she stopped and asked appellant for assistance. Appellant offered to ride with the victim to the address. When they reached the dead-end street the victim was looking for, appellant grabbed the victim's pocketbook and ran. The State contends the offenses were similar in many respects: both victims were elderly, black and in bad health, such that they could not pursue appellant after the robbery; in both incidents items were personally taken from the victims; appellant did not mask her face in either case; in both incidents a pocketbook or wallet containing money was taken; and in both incidents appellant fled on foot. However, our review of the similarities reveals

that in the 1988 robbery, although appellant had been in the company of another woman before she was picked up by the victim, the robbery was committed by appellant alone whereas the current robbery was accomplished by the planning and participation of appellant and her accomplice. Moreover, in the 1988 robbery, it was the victim who initiated contact with appellant. In addition, there was no evidence that appellant knew the 1988 victim prior to the incident and thus no basis for an assumption on appellant's part before the theft that the victim would be unable to pursue appellant. In our view, introduction of the prior offense does not tend to show common design or scheme, intent, bent of mind, or course of conduct, the purposes for which the prior offense was offered. Accordingly, "[i]t was error to admit the evidence of the prior crime. [Cit.] However, the admission was harmless since the jury verdict was overwhelmingly supported by the other evidence, including the victim's identification of appellant. . . . [Cit.]" *Black v. State*, 186 Ga. App. 406, 407 (367 SE2d 238) (1988).

2. Appellant also contends the court erred in permitting the victim to testify as to a prior incident in which appellant allegedly took his wallet because the State failed to give the defense any notice of its intention to introduce evidence of this similar transaction. The record reveals that prior to the trial, the prosecutor informed defense counsel that the victim might offer testimony regarding the incident; however, the prosecutor indicated that the evidence would not be offered as a similar transaction under Rule 31.1 but was admissible as evidence of the crime charged in the indictment because it was a similar crime against the same victim committed within the statute of limitation. The indictment alleges that the robbery occurred on October 10, 1990, but does not show that the date was an essential averment. This court has previously held that an "indictment charging the commission of an offense, without showing that the date alleged therein is an essential averment, covers any offense of the nature charged within the . . . period of limitation, including the date alleged, and the State is not confined to proof of a single transaction, but may prove or attempt to prove any number of transactions of the nature charged within the period, although punishment upon conviction is limited to a single offense, and acquittal or conviction, upon proper plea, operates as a bar to further prosecution for any offense of the nature charged within the period. [Cits.]" *Grantham v. State*, 117 Ga. App. 444 (1) (160 SE2d 676) (1968); *Burnett v. State*, 202 Ga. App. 563 (1) (415 SE2d 43) (1992). In the instant case, however, the only evidence regarding the time of the commission of the prior robbery of the victim is the victim's testimony that appellant took the wallet "before she went to prison the first time." The record indicates that appellant has several previous convictions which date back as far as 1984 in

which she was sentenced to confinement in prison. Thus, there is no evidence that this offense occurred within the four-year statute of limitation. See OCGA § 17-3-1 (c). Nonetheless, we again find that the error in admitting such evidence does not require reversal due to the overwhelming evidence supporting the jury's verdict. *Black*, supra.

3. Appellant enumerates as error the admission of State's Exhibit 1, appellant's indictment, and Exhibit 3, a guilty plea questionnaire, because they contained a plea and sentence to an unrelated burglary and impermissibly placed her character in issue. The record demonstrates that appellant raised no objection to the admission of State's Exhibit 1 when it was tendered; therefore, any objection to its admission is waived. *Jacobson v. State*, 201 Ga. App. 749 (2) (412 SE2d 859) (1991). At trial, appellant objected to Exhibit 3 on the grounds that it was immaterial, irrelevant and prejudicial because the defense was not furnished with a copy of the evidence. " 'It is well settled that a reason urged by enumeration of error on appeal which is different from that urged below will not be considered for the first time on appeal.' [Cit.]" *Yelverton v. State*, 199 Ga. App. 41, 43-44 (2) (403 SE2d 816) (1991).

4. Appellant contends the trial court erred in refusing to grant her motion for mistrial when the State improperly questioned a defense witness regarding appellant's prior incarceration on an unrelated offense. The record shows that in addition to the motion for mistrial defense counsel requested that the court instruct the prosecutor not to refer to any prison sentences. The court denied the motion but instructed the prosecutor and the witness not to refer to inadmissible matter regarding appellant's past record. After the court's ruling, defense counsel indicated to the court that he was satisfied with the instruction. " ' "No matter how erroneous a ruling of a trial court might be, a litigant cannot submit to a ruling or acquiesce in the holding, and then complain of the same on appeal. . . . Acquiescence deprives him of the right to complain further. (Cits.)" [Cit.]' [Cit.]" *Swint v. State*, 199 Ga. App. 515, 518 (2) (405 SE2d 333) (1991). Accordingly, this enumeration is without merit.

5. Appellant also contends the trial court erred in permitting the State to recall a defense witness for rebuttal and then proceed to impeach the witness with a prior conviction, arguing that the evidence was not strictly rebuttal evidence and that the State had an unfair advantage in being able to discover the witness' prior conviction because of its access to computer criminal records. "After the defense has rested, the State has the right to call rebuttal witnesses to refute or explain any or all of the defendant's evidence and the trial court has the discretion to admit the relevant evidence at any stage in the trial even where it is not actually in rebuttal of the defense testimony.

[Cit.]" *Verble v. State*, 172 Ga. App. 321, 322 (2) (323 SE2d 239) (1984). We find no abuse of discretion in the court's admission of this relevant evidence.

6. Appellant argues the court erred in allowing the State to question a defense witness about her alleged prostitution. Appellant contends the questioning was an impermissible method of impeachment which placed the witness' character in issue. The record shows that prior to the question to which appellant objected, the witness testified that on a prior occasion she agreed to have a sexual relationship for money. Shortly thereafter, the prosecutor began the question, "Now, how many times have you been convicted of —," but was cut off by appellant's objection. After the court overruled the objection, the witness did not answer the question, and the prosecutor began another line of questioning. "Where an objected-to question is not answered by the witness there is no harmful error. [Cit.]" *Stevens v. State*, 195 Ga. App. 324, 326 (393 SE2d 482) (1990).

7. Finally, appellant contends the trial court erred in allowing the State to ask a defense witness whether she had a sexual relationship with appellant. When the question was propounded the evidence had already shown that the witness and appellant were good friends and had lived together for six years. The court ruled that the relationship between the witness and appellant was a proper subject for cross-examination. "The state of a witness's feelings toward the parties and his relationship to them may always be proved for the consideration of the jury." OCGA § 24-9-68. "[I]t was competent to impeach her by evidence tending to show that she was the paramour of the defendant, — not to impeach her by reason of the immorality, but to show her intimate relations with the accused and her probable bias as a witness. [Cit.]" *Perdue v. State*, 126 Ga. 112, 113 (14) (54 SE 820) (1906).

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED DECEMBER 2, 1992 —
RECONSIDERATION DENIED DECEMBER 14, 1992.

*Lauren L. Becker*, for appellant.
*Thomas J. Charron, District Attorney, Debra H. Bernes, Nancy I. Jordan, Assistant District Attorneys*, for appellee.