159 Ga. App. 828 (1981)
285 S.E.2d 259
R. L. T.
v.
THE STATE.
62529.
Court of Appeals of Georgia.
Decided October 6, 1981.
Linda A. Pace, for appellant.
Jonath Morrow, Assistant Solicitor, for appellee.
BANKE, Judge.
The appellant was adjudicated a delinquent child on the basis of a petition charging him with criminal attempt to commit burglary. On appeal, he contends that the evidence was insufficient to support the adjudication.
The owner of the house which was the target of the alleged burglary attempt testified that the appellant came to her front door about midday and that he rang the door bell and knocked on the door for what seemed to her an inordinate period of time. The knock was a hard knock that shook the door. The owner's cousin, who was also present in the house testified that after the appellant finished ringing the bell "he just kind of shook . . . the knob." Both witnesses observed the appellant through the window and decided not to answer the door. When he left the front door, the appellant walked back to the sidewalk in front of the house, looked both ways then walked back down the driveway as if to go around the rear of the house.
The appellant testified that he had gone to the house to inquire about a job raking the leaves in the yard. He stated that he had gone to the rear of the house because cars were present in the driveway, and he thought the occupants might be in the backyard. He admitted knocking on the door and ringing the bell but denied shaking the door knob or having any wrongful intention. He was arrested on his way home. Held:
"A person commits criminal attempt when, with intent to commit a specific crime, he performs any act which constitutes a substantial step toward the commission of that crime." Code Ann. § 26-1001. The act must be one done in pursuance of the intent to commit a crime and must tend toward the commission of the crime. The act must be more than a mere preparation and must be inexplicable as a lawful act. See Groves v. State, 116 Ga. 516, 517 (42 SE 755) (1902).
The conduct of the appellant, a 15-year-old boy, was sufficient to arouse the suspicions of the house owner who had been troubled by previous break-ins. This conduct was undoubtedly consistent with preparation for a daylight burglary. However, the appellant's actions *829 were equally consistent with a completely lawful purpose and intent. Accordingly, we do not believe that the evidence supports a finding that he was guilty of criminal attempt to commit burglary.
Judgment reversed. Deen, P. J., and Carley, J., concur.