A92A0588. CLEVELAND v. THE STATE.
(418 SE2d 430)

BEASLEY, Judge.

Appellant appeals his conviction of two counts of sale of cocaine in violation of OCGA § 16-13-30.

Commander Morris of the Moultrie-Colquitt County Drug Squad participated in an undercover operation on the night of May 8, 1991. Videotapes of the drug buys were made. Morris identified appellant in the courtroom as having twice sold $20 worth of crack cocaine to Sergeant Bryant on May 8, although he testified that he did not know appellant's name at the time of the buys. The transactions occurred

when Morris and Bryant were in a truck and the seller stood at the window of the driver, Bryant.

Captain Sandefur of the Cairo Police Department testified that he assisted in the identification of appellant by supplying his name to Morris after viewing him on the videotape. Morris acknowledged that during the course of the undercover operation there had been a mistaken identification of a drug seller in at least one instance in which the video camera malfunctioned. Commander Black of the Grady County Drug Squad testified that without altering the original videotape of these drug buys, he copied it onto a blank and then made 35 millimeter photographs of the videotape by putting the VCR on stop and taking photographs of the screen. This was done to aid in the identification of the seller, because the videotape was recorded in dim light and provided only a fleeting glimpse of appellant. The court admitted the videotape as well as the enlarged still photographs in evidence. The trial court allowed the jury to examine the still photographs during closing argument but would not allow them to be taken into the jury room.

1. Appellant contends that the trial court erred in denying his motion for directed verdict of acquittal in that the evidence is insufficient under *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), since no one who was present during the drug buys knew or identified him by name as the seller of the cocaine at the time of the buys, and appellant was not named as the seller until he was later identified from the videotape by one not present at the buys.

At trial, appellant was observed and identified by Morris as the seller of the cocaine, and Morris was present during the sales. The fact that he did not know appellant's name affected only the strength of the identification and did not preclude identification. His in-court identification confirmed the accuracy of Sandefur's identification of the seller by name after seeing the visual recording of the transaction. See Division 2.

Viewed in a light most favorable to the verdict, the evidence was sufficient under *Jackson v. Virginia*, supra. *Adams v. State*, 255 Ga. 356, 357 (338 SE2d 860) (1986).

2. Appellant contends that the trial court's admission of still photographs taken from the videotape violated the best evidence rule.

The best evidence rule is restricted to writings. OCGA § 24-5-4 (a). *Bostic v. State*, 183 Ga. App. 430, 432 (2) (359 SE2d 201) (1987), refused to apply it to a contemporaneous audio recording and the written transcript thereof, both of which were admitted after proper authentication. Likewise, it does not apply to a contemporaneous visual recording and snapshots of frames thereof, the latter being in the nature of secondary evidence. OCGA § 24-5-1.

"Georgia follows a liberal policy in the admission of photographic

evidence. [Cit.] Whether, under the evidence, the photograph or movie tape is a fair and accurate representation of the scene sought to be depicted addresses itself to the discretion of the trial judge which will not be controlled unless abused. [Cits.]" *Eiland v. State*, 130 Ga. App. 428, 429 (203 SE2d 619) (1973). " 'It is no objection to the admissibility of a photograph that it is enlarged, showing the subject or object magnified, where it does not have a tendency to mislead.' [Cit.]" *Western & Atlantic R. v. Reed*, 35 Ga. App. 538, 549 (7) (134 SE 134) (1926). The snapshots were merely positive enlargements of the frames which the jury could not easily see. See generally Agnor's Ga. Evid., § 15-12, p. 325 (1976). No abuse of discretion appears here.

*Judgment affirmed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED APRIL 29, 1992.

*Ernie M. Sheffield*, for appellant.

*J. Brown Moseley, District Attorney, John L. Tracy, Assistant District Attorney*, for appellee.