A95A2135. MOBLEY v. THE STATE.
(463 SE2d 166)

BLACKBURN, Judge.
Following a jury trial, the appellant, Allan Mobley, Jr., was found guilty but mentally ill of one count each of burglary, aggravated as-

sault upon a police officer, kidnapping with bodily injury, possession of a firearm during the commission of a felony, fleeing or attempting to elude a police officer, and reckless driving and three counts of kidnapping. The trial court denied Mobley's motion for new trial, and he now appeals.

The charges arise out of circumstances in which April Daly, a former co-worker at a Gwinnett County movie theater, spurned Mobley's advances as he sought a romantic relationship with her. Obsessed with Daly and distraught, Mobley kidnapped her and three others at the theater, first holding the group at gunpoint for several hours and then taking Daly alone by gunpoint and driving to South Carolina, Florida, and Tennessee. After returning to Gwinnett County, Mobley, in a car which he forced Daly to drive, was pursued by the police in a high speed chase which ended when Daly lost control, flipped the vehicle, and rammed several police cars.

1. Mobley first asserts that the trial court erred by improperly commenting upon his evidence and certain questions posed by his trial counsel. Mobley cites many such instances in the transcript; however, he does not argue, nor are we able to find, that he timely objected to such comments at trial. " 'A party can not during the trial ignore what he thinks to be an injustice, take his chance on a favorable verdict, and complain later. [Cits.]' " *Johnson v. State*, 226 Ga. 511, 514 (175 SE2d 840) (1970). Accordingly, this enumeration of error presents nothing for review.

2. Mobley next contends that the trial court erred by failing to recharge the jury on the issue of insanity. Specifically, Mobley argues that a request from the jury during deliberations asking for copies of the definitions of "insane" and "mentally ill" and a later question asking for a definition of "guilty but mentally ill" obligated the trial court to recharge its entire original charge on insanity to ensure the jury's understanding of the difference between not guilty by reason of insanity and guilty but mentally ill.

Over objection, the trial court recharged the jury as to the definition of "mentally ill" and "guilty but mentally ill," observing that "it may confuse the jury more than anything to give them a seven page charge when what they've asked for is a two paragraph charge." Before doing so, the trial court confirmed that the jury desired a recharge only as to the definition of "guilty but mentally ill." The recharge was given upon cautionary language advising the jury not to give it greater emphasis than the remainder of the charge.

"In determining whether the recharge contain[s] error, it is fundamental that we must look at not only the recharge but the original charge as well, as jury instructions must be read and considered as a whole in determining whether the charges contain error. Where a charge as a whole substantially presents issues in such a way as is not

likely to confuse the jury even though a portion of the charge may not be as clear and precise as could be desired, a reviewing court will not disturb a verdict amply authorized by the evidence." (Citations and punctuation omitted.) *Taylor v. State*, 195 Ga. App. 314, 315 (393 SE2d 690) (1990). Reviewing the recharge and the charge as a whole, we conclude that the complained of recharge would not mislead a jury of average intelligence. Also, we find the jury's verdict to be well supported by the evidence. Thus, we find no error.

3. Mobley last enumerates that the trial court improperly put his character in issue by admitting testimony evidencing uncharged misconduct.

Mobley first challenges the testimony given by Matthew C. Brown, one of the group he initially abducted at gunpoint insofar as it indicated that Mobley told him that he had purchased the gun used in the kidnapping from a drug dealer friend for $50. Mobley argues that he was prejudiced by the trial court's failure to give a curative instruction at the time of his objection. However, contrary to Mobley's argument, our review of the record indicates that the trial court instructed the jury that it was "to give no weight at all, to this witness' statement about the defendant's drug dealing friends, or that he knows what kind of friends he has. Disregard it, entirely." Mobley timely requested and received an appropriate curative instruction. "[W]e generally will not grant more appellate relief than that actually prayed for at trial." (Citations and punctuation omitted.) *Morrill v. State*, 216 Ga. App. 468, 474 (454 SE2d 796) (1995). We decline to do so here.

Mobley next challenges Daly's testimony that Mobley told her he had gotten his gun from a drug dealer, that he sexually assaulted her, and that he committed an armed robbery while they were in Tennessee during the course of her kidnapping. Mobley failed to object at trial to Daly's testimony concerning the weapon he used in the commission of the offense and her claim of sexual assault. We do not consider issues raised for the first time on appeal. See *Porado v. State*, 211 Ga. App. 728, 730 (440 SE2d 690) (1994). Any claim by Mobley of error to such testimony was waived.

Mobley timely objected to Daly's testimony accusing him of armed robbery while they were in Tennessee; however, such offense occurred "during the commission of one of the offenses for which [Mobley] was indicted and was an integral part of the res gestae. Surrounding circumstances constituting part of the res gestae may always be shown to the jury along with the principal fact, and their admissibility is within the discretion of the trial court. Hence, acts and circumstances forming a part or continuation of the main transaction are admissible as res gestae and it does not matter that the act is another criminal offense. The fact that such part of the res gestae

incidentally placed [Mobley's] character in issue does not render it inadmissible. A trial judge's determination that evidence offered as part of the *res gestae* is sufficiently informative and reliable as to warrant being considered will not be disturbed on appeal unless that determination is clearly erroneous." (Citations and punctuation omitted; emphasis in original.) *Belcher v. State*, 201 Ga. App. 139, 140-141 (410 SE2d 344) (1991). In light of the foregoing, there is no basis for reversal upon the evidence complained of, and this enumeration of error is without merit.

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED OCTOBER 16, 1995.

*Robert Greenwald*, for appellant.

*Daniel J. Porter, District Attorney, Phil Wiley, Neal R. Bevans, Assistant District Attorneys*, for appellee.