## A96A1763. GREEN v. THE STATE.
(477 SE2d 895)

Judge Harold R. Banke.

Alisia Green was convicted of theft by taking, financial transaction card theft, and financial transaction card fraud.[1] She enumerates two errors, challenging the sufficiency of the evidence and the admission of certain testimony.

---

[1] The two theft charges merged for sentencing purposes.

The evidence, viewed in the light most favorable to the verdict, showed that this case arose after the victim's purse disappeared from a Kinko's copying store. *Jackson v. Virginia*, 443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560) (1979). The victim had spent several hours at the store and realized her loss only as she prepared to pay.

Kinko's subsequently permitted the victim to view several hours of videotape of the store taken the night of the theft. In the course of viewing the videotape, the victim observed a woman take the purse from the counter and walk out the front door. The victim gave the police the tape.

The victim learned that one of the credit cards stored in her purse had been used at a nearby Circuit City store shortly after she discovered her loss. The police investigated and learned that Circuit City videotaped all its transactions, including the one involving the victim's credit card, the sale of a cordless telephone.

At trial, the Kinko's clerk who waited on Green testified that he had worked on her resume and, after watching the video, remembered her because she wore a wild looking long sweater and was accompanied by a toddler. He testified that he had no doubt that Green was the person depicted in the video taking the victim's purse. He also stated that he had worked on Green's resume five to ten minutes before the purse was reported missing and Green left without taking the computer disc she had brought in with her resume on it. This information was provided to the police, who used it to locate Green.

Detective Charles Spurlin went to Green's employer and obtained a company photograph of her. He then arranged to view videotape from the Circuit City transaction, which also showed a woman in a loud sweater accompanied by a toddler. At trial, the State introduced freeze-frames from both sets of videotapes, rather than having the jury view the videotapes in their entirety. *Held*:

1. A rational trier of fact, viewing the evidence in the light most favorable to the verdict, could find all the essential elements of the crimes. Theft by taking requires proof of (1) an unlawful taking of the property of another (2) with the intent of depriving him of it. OCGA § 16-8-2.[2] The pertinent elements of financial transaction card fraud are (1) the use of an unlawfully obtained financial transaction card (2) for the purpose of obtaining goods (3) with the intent to defraud. OCGA § 16-9-33 (a) (1).

Green contends that reasonable doubt as to the perpetrator's identity exists in the absence of eyewitness testimony in this case.

---

[2] Taking a financial transaction card without the cardholder's consent is included in the conduct defined in OCGA § 16-8-2 as theft by taking. OCGA § 16-9-31 (b).

However, the fact that she was captured on videotape taking the purse and using the credit card subverts this assertion. Although the freeze-frame photographs are not exceptionally clear, the jury was well within its province in determining that Green was the individual in the "wild" sweater accompanied by a toddler seen in the photographs taken at both Kinko's and Circuit City. See *Sorrells v. State*, 218 Ga. App. 413 (1) (461 SE2d 904) (1995); accord *Pugh v. State*, 214 Ga. App. 470, 471 (1) (448 SE2d 16) (1994). Moreover, the Kinko's clerk who waited on her positively identified the person taking the victim's purse in the video as Green. The jury was likewise entitled to discount the clerk's inability to remember the exact time he waited on Green. Further, in conjunction with the videotape of the Circuit City transaction, the State presented the sales receipt which had the victim's name on it. Green in effect seeks a reweighing of the evidence. This we cannot do. *Pardo v. State*, 215 Ga. App. 317 (1) (450 SE2d 440) (1994). Because Green failed to enumerate as error her contention that the victim's testimony describing her purse as brown created a fatal variance with the indictment which stated the purse was black, we decline to address that issue. *Toledo v. State*, 216 Ga. App. 480, 482 (4) (455 SE2d 595) (1995).

2. Green waived her argument that the trial court erred in allowing the victim's purported hearsay testimony describing what she saw on the Kinko's videotape. Green's only objection to this testimony was that the videotape itself was the best evidence of what occurred. See *Cleveland v. State*, 204 Ga. App. 101, 102 (2) (418 SE2d 430) (1992) (the best evidence rule is restricted to writings). We may not consider arguments which differ from those asserted in the trial court. *Watkins v. State*, 206 Ga. App. 701, 705 (3) (426 SE2d 238) (1992). Green may not raise her hearsay objection for the first time on appeal. *Mobley v. State*, 218 Ga. App. 739, 741 (3) (463 SE2d 166) (1995).

Nor did the trial court err in admitting Detective Spurlin's explanation of his investigation in which he recounted statements the victim and others had given him. "Under OCGA § 24-3-2, conversations occurring in the course of a legal investigation that explain conduct are not hearsay and are admissible as original evidence." *Funderburk v. State*, 221 Ga. App. 438, 439 (1) (471 SE2d 535) (1996).

*Judgment affirmed. Johnson and Ruffin, JJ., concur.*

DECIDED NOVEMBER 5, 1996.

*Charles R. Floyd, Jr.*, for appellant.
*Daniel J. Porter, District Attorney, Jefferson B. Blandford, Assis-*

*tant District Attorney*, for appellee.