A02A2249. GUMBS v. THE STATE.
(573 SE2d 485)

MILLER, Judge.

Julian Gumbs was convicted of conspiracy to traffic in cocaine. On appeal, Gumbs challenges the sufficiency of the evidence and argues that the trial court erred in admitting prejudicial photographs and evidence of other crimes. We discern no error and affirm.

Viewed in the light most favorable to the verdict, the evidence showed that Gumbs contacted Gregory Cobb to discuss and arrange the purchase of a kilogram of cocaine. Gumbs was to be given $1,000 for his participation in the deal. Cobb contacted Gomez Meza to see if he could provide the cocaine and arranged for Meza and Gumbs to

---

meet at a lodge. Gumbs arrived at the lodge with two other men. When Meza arrived, Gumbs and Cobb remained in the lodge room, and the two other men left with Meza. Later that evening Meza was found in his vehicle dead from a gunshot wound.

Gumbs was later arrested and gave a statement to police. In his statement, Gumbs admitted his involvement in the arrangement to purchase the cocaine and implicated the two other men in the murder of Meza.

1. Gumbs argues that the evidence was insufficient to sustain his conviction because the State failed to prove the purity of the cocaine. This argument is without merit. Under OCGA § 16-4-8, "[a] person commits the offense of conspiracy to commit a crime when he together with one or more persons conspires to commit any crime and any one or more of such persons does any overt act to effect the object of the conspiracy." Even if proof of the elements of the crime of trafficking were required, Gumbs's statement that he was involved in arranging the purchase of "[a] kilo" of cocaine would suffice to prove that crime as trafficking consists of selling, manufacturing, delivering or possessing "28 grams or more of cocaine or . . . any mixture with a purity of 10 percent or more. . . ." (Emphasis supplied.) OCGA § 16-13-31 (a) (1); see *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Since by Gumbs's own admission he was arranging for the purchase of over 28 grams of cocaine, the level of purity of that cocaine was irrelevant.

2. Gumbs argues that the court erred in allowing the admission of photographs of the murder victim because the probative value was outweighed by the prejudicial impact. He complains that the photographs were irrelevant as he was charged with conspiracy to traffic in cocaine and not with murder. The

[s]urrounding circumstances constituting part of the res gestae may always be shown to the jury along with the principal fact, and their admissibility is within the discretion of the trial court. Hence, acts and circumstances forming a part or continuation of the main transaction are admissible as res gestae[,] and it does not matter that the act is another criminal offense and does not tend to establish the main offense.

(Citations omitted.) *Fuqua v. State*, 183 Ga. App. 414, 419 (1) (c) (359 SE2d 165) (1987).

Here the main transaction was the conspiracy to traffic in cocaine, and the murder of one of the participants in that drug deal was a direct result or continuation of that transaction. Moreover, there was no harm from the admission of this evidence as Gumbs

gave a statement to police admitting to his participation in the conspiracy and implicating his companions for the murder. Cf. *Ivester v. State*, 252 Ga. 333, 336 (2) (313 SE2d 674) (1984).

3. Gumbs argues that the court erred in admitting portions of his taped statement to police where he inadvertently admitted to selling drugs. He argues that this portion of the statement improperly introduced evidence of bad character. Here, however, "[w]e find no error in the admission of appellant's statement. The portions of his statement challenged by appellant were an integral part of a criminal confession, and such statements are not rendered inadmissible because the language used therein indicates that the accused has committed another and separate offense." (Citations and punctuation omitted.) *Walker v. State*, 264 Ga. 79, 80 (3) (440 SE2d 637) (1994); see *Washington v. State*, 268 Ga. 598, 599-600 (2) (492 SE2d 197) (1997).

*Judgment affirmed. Blackburn, C. J., and Johnson, P. J., concur.*

DECIDED OCTOBER 31, 2002.

*Edwin J. Wilson*, for appellant.
*Daniel J. Porter, District Attorney, Jeanette J. Fitzpatrick, Assistant District Attorney*, for appellee.