A07A0614. WICKER v. THE STATE.
(645 SE2d 712)

MILLER, Judge.

A jury found Sharon Wicker guilty of voluntary manslaughter as a lesser included offense of malice murder in the stabbing death of her husband. Wicker appeals, contending that the trial court erred in denying her request to charge the jury aggravated battery as a forcible felony in support of her claim of justification. See OCGA § 16-3-21 (a). First, Wicker argues entitlement to such instruction upon evidence showing that her husband intended to "maliciously cause" her severe bodily harm. Secondly, Wicker argues that the failure to charge aggravated battery as a forcible felony foreclosed jury consideration of her justification defense. Finding that Wicker failed to show that she reasonably believed her use of force was necessary to prevent the commission of an aggravated battery and that the trial court otherwise charged the jury the forcible felonies of aggravated assault and rape, we disagree and affirm.

When the charge sought is confusing, inappropriate, or not authorized by the evidence, the trial court does not err in denying the requested instruction. *Buckalew v. State*, 249 Ga. App. 134, 138 (5) (547 SE2d 355) (2001).

At trial, Wicker admitted stabbing her husband, explaining that she had done so because he had pushed her down onto their bed while drunk and threatened to "f— her up." In other testimony, Wicker testified that her husband had bruised her shoulder in pushing her

---

[11] (Punctuation and footnote omitted.) *Villegas v. State*, 262 Ga. App. 55, 57 (3) (b) (584 SE2d 666) (2003).

down. She acknowledged, however, that she had not reported the bruise at the time of the incident. Further, while she testified that she had shown the bruise to her jailers the following morning, no correctional personnel were called to corroborate her claim.

Wicker's claim to the contrary notwithstanding, evidence showing that she reasonably believed her husband intended to maliciously cause her severe harm was insufficient to warrant an aggravated battery charge. Rather, entitlement to such an instruction was contingent upon whether there was evidence showing that Wicker reasonably believed that she faced the potential infliction of an aggravated battery on her person. See OCGA § 16-3-21 (a) ("[A] person is justified in using force which is intended or likely to cause death or great bodily harm only if he or she *reasonably believes that such force is necessary* to prevent death or great bodily injury to himself or herself or a third person or *to prevent the commission of a forcible felony*.") (emphasis supplied).

The offense of aggravated battery requires evidence showing a maliciously caused bodily injury to another by depriving the same of a member of his or her body, rendering a member of his or her body useless, or by seriously disfiguring his or her body or a member thereof. OCGA § 16-5-24 (a); *Lindo v. State*, 278 Ga. App. 228, 239 (4) (d) (628 SE2d 665) (2006). Here, neither the State nor Wicker introduced evidence showing that Wicker reasonably believed she faced such a felony. Notably, Wicker does not contend that she feared such a felony. Consequently, the trial court did not err in refusing to give Wicker's request to charge aggravated battery as a forcible felony. "A requested charge must be 'legal, apt and precisely adjusted to some principle involved in the case and be *authorized* by the evidence.' . . . *Lane v. State*, 268 Ga. 678, 680 (2) (492 SE2d 230) (1997)." (Emphasis omitted and supplied.) *McDade v. State*, 270 Ga. 654, 656 (4) (513 SE2d 733) (1999); *Buckalew*, supra, 249 Ga. App. at 138 (5). "It is . . . error to submit to the jury an issue which has no foundation in the evidence, or give instructions which are not applicable to the evidence, or to present a contention which is not urged by the party." *Glaze v. State*, 2 Ga. App. 704, 708 (58 SE 1126) (1907).

Finally, inasmuch as the trial court otherwise gave Wicker's requests to charge aggravated assault and rape as forcible felonies justifying the use of force likely to cause death or grievous bodily injury, there was no prejudice for failure to charge aggravated battery in support of Wicker's justification defense.

*Judgment affirmed. Barnes, C. J., and Smith, P. J., concur.*

DECIDED MAY 8, 2007.

*Steven M. Harrison*, for appellant.

*Timothy G. Vaughn, District Attorney, Russell P. Spivey, Assistant District Attorney*, for appellee.