A07A2062. IN THE INTEREST OF R. C., a child.

(656 SE2d 914)

RUFFIN, Judge.

R. C. was adjudicated delinquent for acts based upon the offenses of simple battery, criminal trespass, and criminal attempt to commit burglary.[1] He appeals, challenging the sufficiency of the evidence in three enumerations of error. For reasons that follow, we affirm.

1. At the outset, we note that R. C.'s brief fails to comply with Court of Appeals Rule 25 (c) (1), which mandates that "[t]he sequence of arguments in the briefs shall follow the order of the enumeration of errors, and shall be numbered accordingly." Although R. C. enumerates three errors, his brief contains only one unnumbered argument apparently intended to cover all enumerations. This violation "not only impedes our review of the errors asserted, but also presents the risk that an asserted error will not be addressed because it cannot be correlated with any argument in the brief."[2] Nevertheless, we will attempt to address his arguments insofar as possible despite the limitations of his brief.

2. When reviewing the sufficiency of evidence supporting a juvenile court's adjudication, we construe the evidence in favor of the adjudication to determine if a rational trier of fact could have found beyond a reasonable doubt that the juvenile committed the acts charged.[3]

With regard to the charges of simple battery and criminal trespass, the record shows that on January 5, 2007, Michael Goodson, a school employee, heard an administrator and two faculty members

---

[1] R. C. was also adjudicated delinquent for two additional charges that are not at issue in this appeal.

[2] *Byron v. State*, 229 Ga. App. 795 (1) (495 SE2d 123) (1997).

[3] See *In the Interest of T. T.*, 282 Ga. App. 527 (639 SE2d 538) (2006).

tell R. C. that nonstudents were prohibited from coming onto school property without first obtaining a visitor's pass from the school office. On January 10 or 11, Goodson saw R. C. on the campus again, approached him, and said, "Excuse me. I'd like to talk to you. I believe you were spoken to last week about being here." As Goodson turned to find a school administrator or resource officer, R. C. grabbed his arm or sleeve, causing Goodson to drop his radio. When Goodson bent to retrieve the radio, R. C. fled. There was no evidence that R. C. had a visitor's pass at the time.

(a) In the portion of his brief containing his recitation of the juvenile court's proceedings, R. C. states that he is appealing the simple battery adjudication. But he provides no argument or citation of authority regarding this adjudication in his brief. And although his enumerations challenge the sufficiency of the evidence in general, they do not specifically refer to the simple battery adjudication. Thus, R. C. has abandoned this argument.[4]

(b) R. C. also contends there was insufficient evidence to adjudicate him delinquent based on criminal trespass. Having considered the evidence, we conclude that it was sufficient to sustain the trial court's verdict as to this charge.[5]

(c) In the argument section of his brief, R. C. contends that his adjudication for criminal trespass must be reversed because the evidence adduced at trial varied from the facts alleged in the delinquency petition. However, R. C. did not properly raise the purported fatal variance in his enumerations of error. As a result, we are authorized to decline to address this argument.[6]

Nevertheless, we have considered this contention and conclude that it is without merit. R. C. argues that the petition alleged that Goodson notified him that his entry onto school property was forbidden, while the evidence showed that another individual so notified him. Therefore, R. C. argues, the petition did not sufficiently advise him of the nature of the offense and enable him to prepare his defense.

Allegations and proof must correspond so: "(1) that the accused shall be definitely informed as to the charges against him, so that he may be enabled to present his defense and not be taken by surprise by the evidence offered at the trial; and (2) that he may be protected

---

[4] See Court of Appeals Rule 25 (c) (2) ("Any enumeration of error which is not supported in the brief by citation of authority or argument may be deemed abandoned."); *Arnold v. State*, 284 Ga. App. 598, 602-603 (645 SE2d 68) (2007).

[5] See OCGA § 16-7-21 (b) (2); *Hammond v. State*, 237 Ga. App. 238, 239 (1) (515 SE2d 183) (1999); *W. L. N. v. State of Ga.*, 170 Ga. App. 689, 690 (1) (318 SE2d 80) (1984).

[6] See *Green v. State*, 223 Ga. App. 467, 468 (1) (477 SE2d 895) (1996).

against another prosecution for the same offense."[7] Thus, so long as the accusation meets the foregoing requirements, the variance is not fatal, " 'for the present trend of case law is away from the overly technical application of the fatal variance rule.' "[8]

Here, the undisputed evidence showed that R. C. came onto school property after having been advised that he was not permitted to do so. He has not demonstrated that the variance between the petition and the proof misled him in any manner that surprised him at trial, impaired his defense, or subjected him to another prosecution for the same offense.[9] Thus, we reject R. C.'s contention that there was a fatal variance between the petition and the evidence presented at trial.[10]

3. R. C. also challenges the evidence to support his delinquency adjudication for criminal attempt to commit burglary. Viewing the evidence in the proper light, we find the evidence sufficient to support the juvenile court's finding as to this charge as well.

The evidence shows that on March 5, 2007, R. C. and another juvenile rang Rosemary Dent's doorbell three times. Dent, who was home sick, did not answer the door, and the two boys left. As they walked down the street, the juveniles repeatedly turned around to look at Dent's house. They returned to Dent's house approximately five minutes later, walked into her backyard, and hid "in the trees." R. C. "was peeping through the bushes at [Dent's] house." Dent called 911 and continued watching them as she waited for the police to arrive. According to Dent, R. C. "[came] . . . towards the house. He was hunched over, looking left to right, coming towards [her] son's back window." As R. C. climbed over a basketball goal located in front of the window, the other juvenile rang Dent's doorbell at the front door.

When the police arrived shortly thereafter, the juvenile at the front door was talking on a cell phone. The officer went into the backyard, where he found R. C. sitting on a patio table, also talking on a cell phone. Although R. C. told the officer that he had been looking for his keys, he had them when the officer placed him in the patrol car.

Dent testified that she had previously placed duct tape on the screen in her son's window. The police examined the screen, and

---

[7] (Punctuation omitted.) *In the Interest of R. F.*, 279 Ga. App. 708, 710 (1) (632 SE2d 452) (2006).

[8] Id.

[9] See id.

[10] See *Simmons v. State*, 284 Ga. App. 561, 567-568 (1) (644 SE2d 434) (2007) (variance not fatal where defendant "was sufficiently informed to defend against the . . . charge proved, and the wording of the indictment with respect to this charge protects her from subsequent prosecutions for the offense charged"); *R. F.*, supra.

observed that the duct tape had been moved and the screen was bent. Dent conceded that she did not see R. C. touch the window, and explained that the duct tape "was pretty much dry-rotted." The police officer indicated that "[t]he duct tape had been moved. However, the duct tape was old, and it could have . . . just fallen off because of the weather. It wasn't apparent that it had been tampered with." The police did not find any visible footprints on the ground under the window.

"A person commits the offense of burglary when, without authority and with the intent to commit a felony or theft therein, he enters . . . the dwelling house of another."[11] "A person commits the offense of criminal attempt when, with intent to commit a specific crime, he performs any act which constitutes a substantial step toward the commission of that crime."[12] "The act must be more than a mere preparation and must be inexplicable as a lawful act."[13]

Here, R. C.'s conduct — including repeated ringing of Dent's doorbell, hiding in the backyard, furtive observation of the house, telephone contact with the other juvenile who was at the front door, climbing over a basketball goal to reach a window at the back of the house — was suspicious and "undoubtedly consistent with preparation for a daylight burglary."[14] His actions, as well as the bent window screen, constitute evidence of a substantial step toward entering Dent's house without authority.[15] And his conduct was inconsistent with a lawful purpose, as there was no evidence that R. C. had permission to be on the victim's property, and his explanation that he was searching for keys was implausible, given that they were in his pocket at the time of his arrest.[16] Thus, the evidence was sufficient to sustain R. C.'s delinquency adjudication based upon criminal attempt to commit burglary.[17]

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED JANUARY 24, 2008.

*Earle J. Duncan III*, for appellant.

---

[11] OCGA § 16-7-1 (a).
[12] OCGA § 16-4-1.
[13] *R. L. T. v. State*, 159 Ga. App. 828 (285 SE2d 259) (1981).
[14] Id.
[15] See *Evans v. State*, 216 Ga. App. 21, 22 (1) (453 SE2d 100) (1995).
[16] Compare id.
[17] See id.; *Murray v. State*, 187 Ga. App. 747 (371 SE2d 272) (1988); compare *R. L. T.*, supra.

*Tom Durden, District Attorney, Claira E. Mitcham, Assistant District Attorney*, for appellee.